## NIXON v. SPENCER.

1. PAYMENT TO MINOR. Where a contract for the personal services of a minor is made with him alone, with the knowledge of the parent, and those services are afterwards performed, payment made therefor to such minor, without fraud, and in accordance with the terms of the contract, is a full satisfaction of those services; and the parent or guardian cannot recover therefor the second time. Rev., 1860, § 2542.

*Appeal from Tama District Court.*

WEDNESDAY, APRIL 27.

THIS action was brought by the plaintiff to recover for the personal services or wages of her minor son. Answer, first, in denial; second, in substance, claiming that the labor was performed under a special contract made with the minor, and alleging payment to the minor of all that was due under the contract.

The court below refused to receive certain evidence offered by the defendant; and also refused certain instructions, and gave others; to all of which rulings the defendant duly excepted. Verdict and judgment for plaintiff, and defendant appeals.

*Bagg & Allen* for the appellant, cited Rev., 1860, § 2542; *Everett* v. *Sherfey*, 1 Iowa, 356; *Whiting* v. *Earle*, 3 Pick., 201; *Nightingale* v. *Withington*, 15 Mass., 271.

*Isaac L. Allen* for appellee.

DILLON, J.—The bill of exceptions states that the contract for the minor's services was made by the defendant directly with the minor, and not with the plaintiff, and that it was made with the knowledge of the plaintiff. That by the terms of the contract, the minor was to live with the defendant until he should arrive at the age of twenty-one years, and should receive for his services his

board and clothing; and during the time, nine months' schooling; and if he remained until he arrived at the age of twenty-one, the further sum of $100 and two good suits of clothes. That under this contract the minor remained with the defendant over two years, receiving his board, clothing, and some schooling. "That in April, 1861, the minor being eighteen years of age, left the defendant without any cause, by the order of the plaintiff," the defendant up to that time having "fulfilled, on his part, his said contract with the minor." Under this state of facts, the defendant offered to prove a settlement with and payment to the said minor, in July or August, 1861. This testimony the Court refused to receive unless the defendant would connect the plaintiff with the said settlement, by showing her knowledge or ratification of, or assent to the same.

The appellee now maintains, that settlement with and payment to her minor son after she had exercised her parental right over him, by causing him to leave the defendant's service, would constitute no bar to her action for the value of his services. The statute is as follows: "Where a contract for the personal services of the minor is made with him alone, and those services are afterwards performed, payment made therefor to such minor, in accordance with the terms of the contract, is a full satisfaction for those services, and the parent or guardian cannot recover therefor a second time." Rev., § 2542.

It does not appear that the plaintiff, who had knowledge of the minor's contract with the defendant, objected thereto, or that any advantage was taken of, or fraud practiced upon, the minor in making the original contract or the settlement; but on the contrary, it does appear that the minor left the defendant without cause and by the plaintiff's order. The record does not even show that the plaintiff forbid the defendant from making the settle-

ment with the minor for his services, even if this should be admitted to make any difference, a point not necessary to be determined. Under these circumstances, payment to the minor, even after he had left the defendant's service, would, under our statute, protect the latter from an action by the parent; provided it was made in accordance with the terms of the contract, and no fraud was practiced upon, or undue advantage was taken of the minor.

If the contract had been made with the parent, or if the parent was, by the terms of the contract, to receive payment, the question would be different. It is sufficient to decide the exact case which the record presents, and looking at the case upon the record before us, we are of opinion, that the proposed proof was improperly rejected. The testimony excluded tended to show payment in full to the minor. It is true that the defendant did not propose to show that this payment was made in accordance with the terms of the contract, but he had a right, in the first place, to prove the payment, and afterwards to follow this with other evidence to show that the settlement and payment were made under such circumstances as would discharge him from further liability. The charge to the jury, so far as the same view of the law was expressed by the court, was likewise erroneous. The motion for a new trial should have been sustained.

Reversed.