## Sowdon & Co. v. Craig.

1. **Practice: RECORD: EVIDENCE.** The Supreme Court will not disturb a ruling of the court below which rests upon the evidence, when it does not affirmatively appear that all of the evidence is in the record.

*Appeal from Des Moines District Court.*

FRIDAY, DECEMBER 28.

*Chas. H. Phelps, J. C. Hall & B. J. Hall* for the appellants.

*Joshua Tracy* for the appellee.

COLE, J.—This cause was decided at the last June Term, and is reported in 20 Iowa, 477. A petition for rehearing

1. PRACTICE: record: evidence.

was afterward filed, and a rehearing granted. The cause has been again ably argued, and upon reconsideration, we feel constrained to adhere to our former decision. The first question we are called upon to determine is as to the showing made by the bill of exceptions. In the first place, it will be remembered that there was a motion for a new trial on the ground, among others, of newly discovered material evidence, and also of *accident, surprise and fraud*. Such a motion would naturally and reasonably be determined upon evidence, either oral, by deposition, affidavit or professional statement. The bill of exceptions actually contains three affidavits, but it does not contain any statement, certificate or showing that those affidavits were all the evidence. The judgment entry states that " the motion, as amended, came on for hearing, and, after argument, was sustained by the court, the judgment set aside and a new trial granted, to all which plaintiff excepted." Now, the difficulty is, not

that the bill of exceptions shows that there *was* other evidence, but that it does *not* show that there was *no other* evidence introduced on the hearing of the motion. This court reviews the action and decisions of the District Court, and the record must show that we have the case before us which that court decided; otherwise, we are or may be deciding a different case from that decided by the court whose judgment we are reviewing. It has uniformly been held that, when any question resting upon the evidence is presented for our determination, it must *affirmatively* appear that we have before us all of the evidence; otherwise, we do not, as we cannot, pass upon it.

The counsel for appellant confidently assert that we have all the evidence in the transcript upon which the district court acted, while the counsel for the appellee asserts the contrary. We cannot undertake to determine this question of veracity or of memory between the counsel, but must content ourselves with following the well settled rule of requiring the appellant to *show error affirmatively by the record*. The grounds set forth in the motion for a new trial are sufficient, if they were sustained by the evidence offered in support of them; and as it does not *affirmatively* appear that we have all the evidence in the transcript, we must presume that the District Court had sufficient evidence before it to sustain its judgment. Besides, the motion was sustained, granting a new trial, and the plaintiffs therefore have another full and fair opportunity to try the merits of their case.

Affirmed.