## WOLCOTT v. RICKEY *et al.*

22 171
128 482

Parent and child: EARNINGS OF CHILD. The earnings of a minor child who has, with the father's *consent*, been doing business for himself for a number of years, upon his own means, and in good faith, are not liable to the creditors of the father; nor is a homestead purchased for the family, with such means, thus liable.

### *Appeal from Lee District Court.*

### THURSDAY, APRIL 18.

PLAINTIFF, a judgment creditor of J. K. Rickey, Sr., by this proceeding seeks to subject certain real estate (40 acres) to the payment of his debt. The claim is that it was purchased (in part at least) with the means of the debtor, and the title taken in the name of his wife, to defraud creditors. Defendants insist that the land was paid for with the money of J. K. Rickey, Jr. (the son of the debtor), in good faith and for the honest purpose of providing a home for his parents, and particularly his mother. The case was heard on bill, answer and depositions; petition dismissed, and plaintiff appeals.

*R. H. Gilmore* for the appellant.

*John H. Craig,* and *Rankin & McCrary,* for the appellees.

WRIGHT, J.—For the most part, this case involves none other than questions of fact. The ultimate and cardinal inquiry is, whether this land was purchased with the money of the father or the son. The contract price was two thousand dollars, which was paid, with some accruing interest. From the testimony, we are led to the conclusion that the father paid six hundred dollars from what, in law, would be regarded as his own money, and the son paid the balance. We find, also, that the amount paid by the son was of his own funds; and that neither the money nor the land so purchased and paid for by him would be liable for the father's debts.

*PARENT AND CHILD : earnings of child.*

There was some attempt to show that the six hundred dollars even, belonged to the son in such a sense as that the creditor could not reach any part of the land. The testimony, we may concede, tends to establish that he did let the father have about this amount, sometime before the purchase, and that there was an indefinite understanding that the father was, with this and other funds, to procure a home for the mother. The weight of the testimony, however, is that the father obtained this money (the son being then a minor) for his own purposes, to use in his own business; that he used it, lost it, and actually invested his own means, to this amount, in the property. There was no investment of a trust fund. The father did not hold any such fund. The balance of the purchase-money, however, was furnished by the son, and invested by him directly in this land.

It is, however, claimed that $400 more were furnished by the son while a minor; that the father was entitled to his services, and, hence, to this money, and that the

creditor has a right, therefore, to. follow this further sum into this land. We understand, however, that the son had, for years, with the father's consent, been doing business for himself with his own means; that he was thus engaged in good faith, and with the honest purpose of making a living for himself. And recognizing the proposition that the father, bound as he is to protect, care for and educate his minor child, is at the same time entitled to his services and the means arising therefrom (*Everett* v. *Sherfey*, 1 Iowa, 356), we, nevertheless, think it as well settled that he may emancipate or enfranchise the child so as to surrender his right to his services, so long as the enfranchisement shall in good faith continue. This proposition is clearly recognized in the case just cited (and relied upon by appellant) as well as those referred to therein. See also *Nixon* v. *Spencer* (16 Iowa, 214). Money earned by the child while so emancipated, the purpose being honest, and with no design to defraud creditors, the father making no claim to it, is not subject to his debts. And it is upon this ground that plaintiff has no right to this property, so far as it was paid for by the son.

The decree below will be reversed so far as to allow the plaintiff to subject the property to the payment of six hundred dollars, with interest from the date of the final decree. In default of the payment of this sum he will be entitled to execution against the property. The decree will be so framed as to protect the twenty acres, upon which the dwelling-house is situated, from sale until the other is exhausted. Reversed, and remanded with instructions to enter a decree in accordance with this opinion.

Reversed.