HAMILTON v. LIGHTNER ET AL.

1. **Evidence:** COMPETENCY: TESTIMONY IN ANOTHER PROCEEDING.
The testimony of a judgment defendant, taken under an order of the
court and in proceedings auxiliary to execution, was held inadmissible
as evidence in an action against another, to charge property in the name
of the latter with the payment of the judgment.

2. **Husband and Wife:** PROPERTY IN NAME OF WIFE.  Property held
in the name of the wife, the foundation of which was money loaned the
wife by her husband, who was insolvent, and which was managed by
him and increased through a series of years by the labor of himself and
family, and the products of the property itself, was held to be subject to
the debts of the husband contracted prior to its accumulation.

*Appeal from Lee District Court.*

FRIDAY, APRIL 23.

ACTION in chancery to subject certain property held by
defendants Henrietta and John C. Lightner to a judgment
against the other defendant, Henry E. Lightner.  Upon a
trial on the merits in the District Court, plaintiff's petition
was dismissed.  He appeals to this court.  The facts of the
case appear in the opinion.

. *J. F. Smith* and *Anderson & Roberts*, for appellant.

*Gillmore & Anderson*, for appellees.

BECK, J.—I. The petition shows that in 1858 plaintiff
recovered a judgment against defendant Henry C. Lightner
for $2,900, and interest at ten per centum per annum, which
remains wholly unpaid; that upon the day of the filing of the
petition an execution was returned wholly unsatisfied.  It is
alleged that the defendant Henry C. Lightner, in 1868, pur-
chased with his own money a forty-acre tract of land, and
caused the deed to be made to the other defendants, Henrietta
C. Lightner, his wife, and John C. Lightner, his brother;
that in 1873 he purchased another tract of land containing

seventy-one acres, and in the same manner caused it to be conveyed to the same parties, his wife and brother, and that in 1874 he purchased a stock of merchandise in the same manner and caused it to be transferred to his wife. The lands and goods thus transferred are situated in Lee county. It is charged that the property was transferred to defendants John C. and Henrietta C. Lightner for the purpose of hindering and defrauding plaintiff, and other creditors of Henry C. Lightner. The petition prays that the property may be made subject to plaintiff's judgment, and appropriate relief be granted him.

The answer of defendants admits the judgment but denies other allegations of the petition. The defendants allege that the property in question was purchased with the money of Henrietta and John C. Lightner. At the trial the claim of relief against John C. Lightner was withdrawn.

The defendant Henrietta E. Lightner holds the legal title to the undivided one-half of both tracts of land, and to all of the goods. We are required to determine whether the transactions by which she acquired the title to this property are, as against plaintiff, fraudulent. The evidence to be considered is brief.

II. Before proceeding to the consideration of the evidence, a question must be disposed of involving the competency of certain testimony. The defendant Henry E. Lightner was examined before a referee upon an order issued by the court in proceedings auxiliary to execution. This examination was introduced upon the trial in the court below as a written admission under oath. Defendant Henrietta now insists that as against her this testimony is not competent. We think the objection well taken. The examination cannot be regarded as the written testimony of the party examined, taken in this case. It was taken in another proceeding and is not admissible as written evidence in this case. Of course, regarded as an ad-

1. EVIDENCE: competency: testimony in another proceeding.

mission under oath of Henry E. Lightner, it cannot be used against his co-defendant.

III. The evidence in the case, excluding the examination of Henry E. Lightner, discloses the following facts: When the first tract of land was purchased, neither Henry E. or Henrietta C. Lightner had money or other property of their own. The husband was largely indebted. He had before received from an estate, on account of his mother and brothers and sisters, about $250, which he was in some manner authorized to collect. This money he had spent but replaced it by his earnings, and with those earnings he bought the first tract of land with his brother, each contributing half of the money paid at the purchase. From the proceeds of the timber cut from the land the balance of the purchase money was paid and payments made on the second tract, which was also timber land. The timber on the second tract was disposed of and the proceeds applied in payment of the land. The parties purchased a mill, at which the timber was sawed. The title to the land and mill was taken in the name of Henrietta and John C. Lightner. The goods were purchased in the name of Henrietta alone, and the first payment therefor was made with money realized from the timber taken from the two tracts of land. Subsequent payments were made by the sales of the goods and from the income or profits of the business. The business connected with the land and mill was conducted in the name of John C. Lightner and Henrietta E. Lightner, and the store was managed in the name of Henrietta. Henry E. Lightner devoted his time to running the mill and other work connected with the business. He made purchases of goods, but does not appear to have attended the store; this was done by his wife and son. The defendants claim that he was to receive compensation in the way of wages, and he drew enough money from the business to support him. It is also claimed, and so testified by the defendants, that the husband loaned to the wife the money, $250, which he had

*2. HUSBAND and wife; property in name of wife.*

received from the estate for his mother and other relatives. It is claimed he loaned the money on their account to his wife. It does not appear that she had their assent to the transaction, or that they regarded her, instead of her husband, as the debtor. He testifies that he used the money he had collected, and afterwards replaced it in his own hands by money which he had earned. This money he loaned to his wife. It does not appear that any security was taken, or that the wife was ever called upon to pay back one cent, though the money was loaned probably as early as 1861. This alleged loan is claimed to be the foundation of the wife's interest in the property. To our minds it is a transparent pretense. If there was ever a loan, it was made by the husband to his wife from his own money.

The case is simply this: The husband, with his own money, or money of others which he holds, enters into business in the wife's name, and as the result of such business, managed by himself, to which he devotes his whole time, accumulates property. This property is claimed to be exempt from the husband's debts on the ground that he loaned his wife the money originally invested. We think the law will not permit the husband, in this manner, to bestow all the accumulations of his industry and success in business upon his wife, so as to defeat his creditors. He still remains the head of the family, the manager of his business, and the person who, in fact, acquired the property. The device of making the wife a debtor for money loaned by the husband, and upon this transaction basing her claim of title to the property, has been often resorted to for the purpose of concealing property from creditors. If courts were to hold it sufficient for the purpose intended, there would be nothing in the way of a debtor converting his property into money and placing it beyond the reach of his creditors while enjoying the income therefrom. Transactions of this kind are fraudulent as to creditors. *Ticonic Bank v. Harvey*, 16 Iowa, 141; *Laing v. Cunningham*, 17 Iowa, 510. The cases cited by counsel

for defendants do not support the right of the wife to hold the property involved in the case. In each of these cases the wife either had a separate estate or was furnished money by her children, which she invested in property which was held not to be liable for the husband's debts. See *Wolcott v. Rickey*, 22 Iowa, 171; *Shields v. Keys*, 24 Iowa, 298; *Corning v. Fowler*, 24 Iowa, 584.

In our opinion, the District Court erred in dismissing plaintiff's petition as to defendants Henry E. and Henrietta E. Lightner. A decree will be entered in this court granting the relief prayed for in the petition against them. The petition, as to John C. Lightner, will be dismissed.

REVERSED.