## McGovern v. The Keokuk Lumber Co.

1. **Venue:** CHANGE OF: MOTION FOR BY CORPORATION: AFFIDAVIT. Where a corporation defendant moves for a change of venue on account of the prejudice of the judge, the principal affidavit therefor, as required by section 2590 of the Code, may be made by any officer or agent of the corporation sufficiently acquainted with the facts to make it conscientiously; but an affidavit which does not show the official character of the affiant, except by an unverified recitation thereof in the body of the affidavit, is not sufficient.

2. ——: ——: AFFIDAVITS FOR ARE PART OF RECORD. Affidavits for a change of venue are, like a demurrer, a part of the record of the case, and there is no need of a bill of exceptions to make them such.

3. ——: ——: RECORD AND PRACTICE ON APPEAL. When the trial court grants a change of venue on the alleged ground of judicial prejudice, it passes upon the sufficiency of the affidavits filed as a foundation therefor; and, on an appeal from such ruling, the sufficiency of the affidavits will be reviewed upon their merits, without regard to the objections urged below, and such objections need not be made of record and certified to this court.

4. ——: ——: PRACTICE IN TRIAL AND APPELLATE COURTS. Upon an application for a change of venue in such a case, the principal affiant cannot be compelled to submit to a cross-examination, though the other affiants may be, at the discretion of the court. But in the absence of an affirmative showing that such cross-examination was had, this court will not presume that it was had, but will proceed to review the ruling on such application, upon the sufficiency of the affidavits properly certified in the record.

### *Appeal from Lee Circuit Court.*

### Tuesday, June 12.

Upon the application of the defendant, the place of trial was changed to the district court. The plaintiff excepted to the order and appeals.

*Criag, Collier & Craig* and *Hagerman, McCrary & Hagerman,* for appellant.

*Anderson Bros. & Davis,* for appellee.

SEEVERS, J.—I. The statute provides that a change in the place of trial may be had "when either party files an affidavit, verified by himself and three other persons." that the judge is so prejudiced against him that he cannot obtain a fair trial. Code, § 2590.

1. VENUE:
change of:
motion for by
corporation:
affidavit.

The statute fails to prescribe by whom the principal affidavit shall be made, if the change is desired by a corporation. As a corporation can only act through officers or agents, it is evident that the requisite affidavit must be made by such officers or agents, and in *Jones v. C. & N. W. R. R. Co.*, 36 Iowa, 68, it was held that the principal affidavit could be "made by an officer or agent sufficiently acquainted with the facts to make it conscientiously."

In the case at bar, that which must be regarded as the affidavit of the defendant is as follows:

"I, W. J. McGavic, Vice-President of the defendant above named, being duly sworn, on my oath say that W. J. Jeffries, judge of the court in which said cause is pending, is so prejudiced against the defendant in the above cause that the defendant cannot obtain a fair trial in said court, as I verily believe, and such prejudice was not known to affiant before the continuance of this cause at last term."

It is urged that this affidavit is insufficient, because the statement that affiant is vice president of defendant is not verified. We cannot know that McGavic was at the time the affidavit was made an officer of the defendant, or that he had authority to represent it. His unverrified statement that he was such officer is clearly insufficient to establish such fact. *Cunningham v. Goelet*, 4 Denio, 71. *Ex parte Shumway*, Id., 258. We do not understand counsel for the appellee to strenuously insist that the affidavit is sufficient, but they claim that, because of defects in the record, we are precluded from determining that question. To the questions presented by counsel for appellee we now turn our attention.

II. It is said, as the affidavits were not preserved and

made matters of record by a bill of exceptions, they are im

2. ——: ——: properly in the record, and a motion has been
affidavits for made to strike them out. It was held in *Winet*
are part of
record. *v. Berryhill*, 55 Iowa, 411, that no bill of excep-
tions in such case was required. The affidavits, when filed,
become a part of the record like a demurrer, and may be cer-
tified to this court by the clerk in the same manner as other
matters of record. The affidavits are set forth in the abstract,
with proper averments or statements, and, in the absence of
a denial that they were duly certified by the clerk, the pre-
sumption will be indulged that such is the case. The affida-
vits must therefore be regarded as a part of the record, and
the motion to strike must be overruled.

III. When the order was made granting the change of
the place of trial, exceptions thereto were duly taken. But

3. ——: ——: the record fails to show that any objections were
record and made to the sufficiency of the affidavits, and for
practice on
appeal. this reason, and because it does not affirmatively
appear that the objections now made were urged in the cir-
cuit court, it is claimed the objections made in this court can-
not be entertained. The appellant was not bound or required
to make his objections in writing, or in any manner make
them appear of record. The objections could be made orally
in the circuit court. Nor was he required to procure a bill
of exceptions, showing the reasons, grounds, or arguments
urged below, before he can be heard in this court. He has
a right to make here all objections which legitimately arise
on the record, whether made below or not. The rule proba-
bly is different in cases where a party is required to state in
writing, or make appear of record, the objections urged in
the court below. The question before the court was as to the
sufficiency of the affidavits. This was determined adversely
to appellant, and he excepted. He could do no more, and he
has the right to test the sufficiency of the affidavits on
appeal.

IV.   The abstract states, after setting out the affidavits, that "the foregoing were all the papers, affidavits and evidence filed in support of the motion, or used upon the hearing thereof." This statement is denied in an amended abstract, and it is said, as there is no bill of exceptions, we cannot know that all the affidavits and evidence which were before the circuit court is set out in the record.   In support of this position *Stockton v. Burlington*, 4 G. Greene, 84; *Nicking v. Nesmith*, 15 Iowa, 595; *Bennett v. Heyland*, Id., 597 and *Sowdon & Co. v. Craig*, 21 Iowa, 580, are cited.   These cases we do not think applicable.   In all of them, evidence, in addition to affidavits filed in support of the motion, could be legitimately introduced at the hearing by the party making the motion or asking the relief desired.   Therefore, it was held, before there could be a reversal, it must affirmatively appear that all the evidence introduced below was in the record before the court.   This is the general rule, but we think this case constitutes an exception thereto.   In the case at bar, the statute prescribes that the place of trial may be changed when affidavits are filed setting forth the statutory reasons.   The moving party can add nothing thereto, but must stand or fall on the affidavits on file.   Nor can the other party file affidavits or introduce evidence contradictory to the affidavits filed by the moving party.   It is true, he may insist that the affiants, other than the party, shall be produced in court and subjected to a cross-examination to the end that the court may protect itself from imposition.   *Davis v. Rivers*, 49 Iowa, 435.   The right to have this done is not, we incline to think, absolute, but discretionary on the part of the court to prevent fraud in the administration of justice.   In the absence of any showing that such action was taken, we cannot presume such to be the case.   But it is not the law, and it never has been held, that the party by whom the principal affidavit is made can be compelled to submit to an examination as to the truth of the

*4. —— : ——: practice in trial and appellate courts.*

matters stated in his affidavit. The judgment of the circuit court must be reversed, and the cause remanded to that court for further proceedings in accordance with this opinion.

REVERSED.