BOOKWALTER, RESPONDENT, *v.* CONRAD ET AL.,
APPELLANTS.

[Submitted December 28, 1893. Decided January 22, 1894.]

APPEALS—*Motion for change of venue—How reviewed.*—An order denying a
motion for a change of venue is reviewable on appeal without a bill of excep-
tions or a statement. If the papers on which the motion was made are prop-
erly certified to this court, as provided by section 438 of the Code of Civil
Procedure, that is sufficient. (*Granite Mountain Mining Co.* v. *Weinstein,* 7
Mont. 346; *Barber* v. *Briscoe,* 8 Mont. 214; *Arnold* v. *Sinclair,* 12 Mont. 260,
cited.)

*Appeal from Fourth Judicial District, Missoula County.*

ON MOTION to dismiss appeal. Denied.

*Toole & Wallace,* for the motion.

*Sanford & Grubb, Bickford, Stiff & Hershey,* and *A. J.
Shores, contra.*

Per CURIAM.—The respondent moves to dismiss the appeal.
The appeal is from an order denying defendants' motion for a
change of venue. The ground of the motion to dismiss the
appeal is, that it does not appear that any bill of exceptions or
statement was ever signed by the judge to authorize the appeal.

But this is an appeal from an order, and may be brought up
without a bill of exceptions or a statement. Section 438, Code
of Civil Procedure, provides that "on appeal . . . . from an
order the appellant shall furnish the court with a copy of the
notice of appeal, undertaking, or undertakings on appeal, the
judgment or order appealed from, and a copy of the papers
used on the hearing in the court below, such copies to be cer-
tified in like manner to be correct."

The motion in the case at bar was made "on the demand
and affidavit of merits, and on the pleadings and papers on
file in said action." Therefore, if the papers on which the
motion was made are certified to us by the clerk, that is suffi-
cient. (*Granite Mt. Min. Co.* v. *Weinstein,* 7 Mont. 346; *Bar-
ber* v. *Briscoe,* 8 Mont. 214; *Arnold* v. *Sinclair,* 12 Mont. 260.)

The clerk certifies that the transcript, consisting of (enu-
merating all the papers), is a full, true, and correct copy of all

the papers that were asked for in the *præcipe* for a transcript. The clerk does not say in his certificate that these were the papers used on the hearing below, but he certifies that they are correct copies of the files in his court, and that they were ordered put into the transcript by the person requesting the record for the appeal. *Arnold* v. *Sinclair*, 12 Mont. 248, was a motion for a new trial. Some of the grounds for motion were upon affidavits. As to the affidavits portion of the motion, we said: "There might in some cases be difficulty in ascertaining what 'papers were used on the hearing in the court below,' if contention should arise concerning that point, but that matter could be made certain by a certificate of the judge who heard the motion and made the order, setting forth the papers used (*Walsh* v. *Hutchings*, 60 Cal. 228); but no such contention is involved here. It is stated in the notice of intention to move for a new trial, among other things, that said motion will be made on a statement of the case and affidavits setting forth newly discovered evidence; and, pursuant to that notice, two distinct classes of matter were presented in support of the motion. The notice of intention accompanies the affidavit and statement on motion for new trial, and the same are certified to be correct copies of the 'files and proceedings had and done in the cause of,' etc., giving the title of the action; and, such notice being requisite to the proceeding, and, among the files, we must presume that the same was one of the papers used on the hearing in the court below, in the absence of showing to the contrary." So, in the case at bar, there is no showing or claim to the contrary. Indeed, the respondent, moving to dismiss, says in his brief: "We do not wish to be understood as claiming that the papers in the record were not used on the trial."

The motion to dismiss the appeal must therefore be denied, and it is so ordered.