WILLIAM C. McMICHAEL v. RAYMOND B. HARRIS

174 So. 323.
Division B.
Opinion Filed January 11, 1937.

*DeHoff & DeHoff* and *Mickler & Mickler,* for Plaintiff in Error;

*Milam, McIlvaine & Milam,* for Defendant in Error.

TERRELL, J.—As plaintiff below, the plaintiff in error brought a common law action against defendant in error. The declaration was in two counts, the first for alienation of affections, and the second for criminal conversation. A change of venue was seasonably moved for and denied. The trial resulted in a verdict for the defendant on both counts,

final judgment was entered accordingly, and writ of error taken to this Court.

The sole error argued in this Court is predicated on the order of the court below denying the motion for change of venue.

No bill of exceptions was brought up. Only that part of the record proper pertaining to the order denying the motion for change of venue is here for review.

It is contended that the motion for change of venue, being matter *in pais,* was not a part of the record proper and cannot be considered unless embraced in a properly authenticated bill of exceptions.

Such was the common law rule and still appears to be the rule in some jurisdictions. 4 Corpus Juris 127; Phoenix Indemnity Co. v. Greger, 39 Col. 193, 88 Pac. 1066; Littleton v. Burgess, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49; State v. Degrace, 144 Ore. 159, 22 Pac. (2d) 896, 90 A. L. R. 232; 3 R. C. L. 252. If this rule of the common law was ever in force in this state, it was modified by Section 3, Chapter 12019, Acts of 1927, the same being Section 4612, Compiled General Laws of 1927, as follows:

"Any motion, pleading, proceeding, document, or other matter exhibited only by the bill of exceptions when it should have been exhibited by the record proper and any motion, pleading, proceeding, document, or any other matter exhibited only by record proper when it should have been exhibited by the bill of exceptions shall be considered by the appellate court with the same force and effect as if it had been exhibited in its proper place in the transcript of record: Provided, the same appears in the transcript so that it may be definitely identified by the appellate court and so exhibited as to import authenticity."

An inspection of the record as certified to us shows that

all pleadings and proceedings pertaining to the motion for change of venue are identified and regularly before this Court so as to import authenticity as the quoted statute directs. Even if not here in a proper bill of exceptions, as that term is technically employed, it, is not conclusively shown that we should not adjudicate that question under the circumstances shown. The general rule is that the granting or refusing of an application for change of venue is a matter within the sound discretion of the trial court and while his action thereon is subject to review, it will not be disturbed unless there is shown to have been a palpable abuse of discretion. Williams v. Dickenson, 28 Fla. 90, 9 So. 847; Stephens v. Bradley, 24 Fla. 201, 3 So. 415; Bookwalter v. Conrad, 14 Mont. 62, 35 Pac. 226; McGovern v. Keokuk L. Co., 61 Iowa 265, 16 N. W. 106; Piper v. Centinela Land Co., 56 Cal. 173. Some of these cases are predicated on code provisions similar to Section 4612, Compiled General Laws of 1927, but some of them seem to hold, notably the Florida cases, that if the record of the proceedings on the motion for change of venue is brought to the appellate court so as to import authenticity it will be considered. We, therefore, hold on this point that the ruling on the motion for change of venue is properly before us.

In denying the motion for change of venue did the trial court abuse his discretion? The motion was predicated on the fact that defendant in error, Raymond B. Harris, was one of the jury commissioners of Duval County and participated in the selection of names placed in the jury box from which the jury that tried this cause was subsequently drawn.

The motion for change of venue was made pursuant to Section 2670, Revised General Statutes of 1920, Section

4337, Compiled General Laws of 1927, which in effect requires that if it is shown in the trial of any civil or criminal case that the adverse party has an undue influence over the minds of the inhabitants of the county or if the appellant is so odious to the inhabitants of the county that he cannot secure a fair trial he should be granted a change of venue. The trial judge determines whether or not such facts are made to appear from the supporting affidavits and such other proof as may be offered in support of the motion.

The showing for change of venue in this case fails to meet the criterion required in the Act under which it was sought. It is true that defendant was one of the jury commissioners of Duval County as provided by Chapter 16058, Acts of 1933, which in substance requires that the Governor appoint two jury commissioners for said county who shall meet and select not less than eight hundred nor more than fifteen hundred names of male inhabitants known or believed to be qualified for jury duty. Every such list shall be submitted to and approved by the Circuit Judge and from them the juries in all civil and criminal cases are selected.

It is not claimed or shown that the list from which the jury in question was drawn was not drawn in compliance with the law and properly approved by the Circuit Judge. It is merely contended that because defendant was one of the jury commissioners it would be impossible to secure an unprejudiced jury in a case where he was a party. It is not so much as alleged that when the jury list was prepared defendant knew that he would be a party to this or any other litigation.

It is further not contended that the plaintiff was so odious that he could not secure a fair trial in Duval County, or that the defendant had an undue influence over the

minds of the inhabitants of said county, or that an impartial jury could not be secured in said county. The supporting affidavits fail in other material respects to meet the showing required by the law for change of venue.

The mere fact that defendant was one of the jury commissioners did not *ipso facto* disqualify him to participate in selecting the jury list from which the jury in this case was drawn. Two commissioners participated in the selection and their action was approved by the Circuit Court. It is not reasonable to assume that under such circumstances eight to fifteen hundred names could have been selected that were under the domination of the defendant. Even if a part or all the jury of six that were drawn from the list to try this case had been for any reason disqualified the law provides ample means for their challenge and release and the court was still vested with power to draw a jury from the bystanders or the body of the county if that became necessary. Northeastern Nebraska Ry. Co. v. Frazier, 25 Neb. 42, 40 N. W. 604; Humphrey v. Palmer, 89 S. C., 401, 71 S. E. 977; Turner v. State, 111 Tenn. 593, 69 S. W. 774.

A careful study of the record fails to reveal any abuse of discretion on the part of the trial court in denying the motion for change of venue. Even if a motion for changing venue was the proper proceeding to present the matter, the supporting affidavits to the motion were insufficient so the judgment below must be and is hereby affirmed.

Affirmed.

Ellis, P. J., and Buford, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.