435 So.2d 944 (1983)
Frank R. ADAMS and Thomas H. Rives, Appellants,
v.
KNABB TURPENTINE COMPANY, INC., Helen Sakorasas Knabb, Joyce K. Truluck, James W. Knabb, Jr., George W. Knabb and Dianne K. Dorman, et al., Appellees.
No. AN-344.
District Court of Appeal of Florida, First District.
August 3, 1983.
*945 Christopher F. Wells and Frederick L. Mouser, of Harris, Barrett & Dew, St. Petersburg, and Tyrie A. Boyer, of Boyer, Tanzler, Blackburn, Boyer & Nichols, Jacksonville, for appellants.
Julian Clarkson, M. David Alexander, III, and Steven L. Brannock, of Holland & Knight, Tallahassee, for appellees Knabb Turpentine Co. and Amax, Inc.
David T. Knight and Jeanne M. Trudeau, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees W.F. Belote and Minter Naval.
S. Austin Peele, of Darby, Peele, Page & Bowdoin, Lake City, for appellees Earl E. Knabb, Sr., James W. Knabb, Sr., William M. Knabb, and Bernice K. Yarborough and The LaBuena Farms, Inc.
SHIVERS, Judge.
Adams and Rives appeal the final order of the trial court dismissing appellant's first amended complaint without leave to amend. Appellants also contend that the trial court erred in transferring venue from Pinellas to Baker County. Although we find no error in the change of venue, we agree with appellants that the trial court abused its discretion in not allowing further amendment of the complaint. Therefore, we affirm in part, reverse in part, and remand.
Appellants, plaintiffs below, are real estate brokers suing for a commission. Appellees fall into several categories. Knabb Turpentine Co., Inc. and LaBuena Farms are the selling corporations. Earl Knabb, James Knabb, et al., are the shareholders of the selling corporations. Amax, Inc. and its subsidiary, Amax Forest, Inc. are the buying corporations. William Belote was a potential individual buyer who was contacted by appellants and originally entered into negotiations for the property with the selling corporations. Belote is associated with Minter Naval Stores, Inc. It is appellants' contention that although the selling corporations, Knabb Turpentine Co. and LaBuena Farms, dealt directly with the ultimate buying corporations, Amax and Amax Forest, that Belote was acting as agent for Amax and that, therefore, a commission is due on the sale of the property.
A fair reading of appellants' amended complaint reveals the following facts. Appellants' right to a commission is based upon two documents executed by Earl Knabb as agent for the selling corporations and the individual defendants. The documents are a listing agreement and an option agreement granted to Belote. Earl Knabb had contacted appellants because Knabb Turpentine Co. v. LaBuena Farms were attempting to sell a large amount of timberland, 41,000 acres. Pursuant to the listing agreement, appellants contacted prospective purchasers, including Belote. Belote expressed an interest in the property and eventually was granted an option to purchase by the selling corporations on September 30, 1975. In October or November of 1975, Amax, through its agent, Robert Wessels, contacted the selling corporations and individual defendants directly for the purpose of purchasing the property and avoiding appellant brokers. Appellants allege that Belote had, in fact, been operating as an agent for Amax and that the selling corporations and individual defendants became aware of this relationship prior to the sale. In the spring of 1976, Amax caused Amax Forest, Inc. to be incorporated for the purpose of taking title to the property. On June 25, 1976, Amax Forest entered into an agreement to purchase land owned by LaBuena Farms and the stock of Knabb Turpentine Co. The only asset of Knabb Turpentine Co. at that time was the subject land. This transaction was accomplished and closed on December 15, 1976. Subsequently, Amax Forest, the new sole stockholder, attempted to dissolve Knabb Turpentine Co.
Appellants filed the original complaint in Pinellas County. Appellants are residents of Pinellas County and allege that the debt owed on the brokerage commission was due in Pinellas County. All the defendants sought a change of venue to Baker County. *946 Baker County is the site of the land sold, the county residence of some of the defendants and, generally, a closer site for all the defendants. The Pinellas County court entered an order on December 8, 1980, changing the venue to Baker County. That order is here appealed.
In Baker County the original complaint was dismissed with leave to amend. The amended complaint filed by appellants is a voluminous document consisting of twenty-five counts contained in 242 paragraphs. The various counts of the amended complaint can be grouped into several categories. The first twelve counts and Count XV generally allege breach of contract. Counts XIII and XIV allege breach of implied contract or quantum meruit. Counts XVI through XXI allege fraud, deceit and concealment. Count XXII alleges tortious interference with contract. Count XXIII alleges interference with a prospective contractual or business relationship. Counts XXIV and XXV allege interference with a contractual relationship. Appellees moved to dismiss the amended complaint, and, after hearing, the trial court dismissed the amended complaint with prejudice on July 1, 1982. The trial court did not specify the basis for dismissal of each count. Instead, the court dismissed the complaint in toto on the alternative grounds of statute of limitations, corporation survival statute, and/or failure to state a cause of action.
Turning first to the order of December 8, 1980, which changes venue from Pinellas to Baker County, we find that the trial court did not abuse its discretion in transferring venue under the doctrine of forum non conveniens. Section 47.122, Florida Statutes (1981). Although Pinellas County may also be a proper venue for this case, the decision to grant or deny the application for change of venue is within the sound discretion of the trial court and should not be disturbed upon review absent a demonstration of a palpable abuse or grossly improvident exercise of discretion. McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1937); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). See also Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983). This case involves Baker County defendants and a Baker County business transaction concerning Baker County real estate. Baker County is also a more convenient forum for the Georgia defendant. The only connection this case has with Pinellas County is that appellants reside there and, as a direct result, the cause of action is deemed to accrue there. These facts do not demonstrate abuse of discretion by the trial court. Accordingly, we affirm the order of December 8, 1980.
On the issue of the trial court's dismissal of appellant's first amended complaint, we find that the trial court abused its discretion in not granting leave to amend. Leave to amend should not be denied unless the privilege to amend has been abused or the complaint is clearly not amendable. Wiggins v. Tart, 407 So.2d 1094 (Fla. 1st DCA 1982); Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982). Although granting leave to amend rests within the sound discretion of the trial court, all doubts should be resolved in favor of allowing amendment. It is the public policy of this state to freely allow amendments to pleadings so that cases may be resolved upon their merits. Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978); Weich v. Cook, 250 So.2d 281 (Fla. 1st DCA 1971). In the instant case, appellants clearly have not abused the amendment privilege, having filed only the original complaint and one amendment. In Weich v. Cook, supra, we held that the trial court erred in dismissing a third amended complaint with prejudice. Further, we find that the amended complaint in the instant case makes sufficient allegations to warrant the allowance of another opportunity to amend. It is not clear from the face of this amended complaint that the defects complained of by the appellees and the trial court could not be cured by subsequent amendment.
At oral argument, counsel for appellants made it clear that the main relief sought by this appeal was the opportunity to prepare a new amended complaint at the trial level. *947 Therefore, we find it unnecessary to sift through the various counts and allegations of this document. However, for the benefit of the trial court on remand, we believe some general comments are in order concerning the alternative grounds upon which the trial court dismissed all twenty-five counts of the amended complaint.
The statute of limitations is an affirmative defense which should be raised by answer rather than by motion to dismiss a complaint, unless the facts constituting the defense appear affirmatively on the face of the complaint. Johnson v. Johnson Chrysler/Plymouth, Inc., 389 So.2d 690 (Fla. 4th DCA 1980); Williams v. Covell, 236 So.2d 447 (Fla. 1st DCA 1970). In the case at bar, it may be that some or all of appellants' causes of action are barred by the statute of limitations, but this fact is not clear from the face of the complaint. The gravamen of most of the counts appears to relate to the ultimate sale of the property to Amax Forest, which is alleged to have occurred on December 15, 1976. Since this action was commenced on June 5, 1980, the causes of action alleged which have limitation periods of four years or longer and in which this sale is an essential element of the cause of action are not barred.
Similarly, a defense based upon the corporation survival statute, section 607.297, Florida Statutes (1981), should be treated like a defense based on the statute of limitations in that the statute should be set out as an affirmative defense unless all the facts constituting the defense appear upon the face of the complaint. The complaint sub judice alleges, in paragraph 78, an attempt to dissolve Knabb Turpentine Co. but does not allege that Knabb Turpentine Co. successfully dissolved on any given date.
Accordingly, the order of December 8, 1980, which changes venue to Baker County, is affirmed. The order of July 1, 1982, is reversed to the extent it denies leave to amend, and this cause is remanded with instructions to allow appellants the opportunity to amend their complaint.
ROBERT P. SMITH, Jr. and WIGGINTON, JJ., concur.