507 So.2d 778 (1987)
FLORIDA PATIENT'S COMPENSATION FUND, Appellant,
v.
FLORIDA PHYSICIANS' INSURANCE RECIPROCAL, Appellee.
No. 87-237.
District Court of Appeal of Florida, Third District.
May 26, 1987.
Rehearing Denied June 23, 1987.
*779 Samuel R. Neel III, Tallahassee, for appellant.
Marks, Gray, Conroy & Gibbs, Jacksonville, and James C. Rinaman, Jr. and William M. Corley, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
Florida Patient's Compensation Fund (the Fund) brought an action against Florida Physicians' Insurance Reciprocal (FPIR) in Dade County, alleging that FPIR, in bad faith, refused to settle a claim against one of its insureds. FPIR filed a motion to transfer venue to Duval County, contending that: 1) the action accrued in Duval County; and 2) Dade County was an inconvenient forum. After a hearing on the matter, the trial court entered an order transferring venue to Duval County. The Fund then brought this appeal to contest the order.
Section 47.122, Florida Statutes (1985), provides that:
[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
The decision to transfer venue based upon this statute is "one within the sound discretion of the trial court, and absent a demonstration of an abuse of that discretion, the lower court's determination will not be overturned on appeal." Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983) (citations omitted); see also McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1937); Gaboury v. Flagler Hosp., Inc., 316 So.2d 642 (Fla. 4th DCA 1975); Spalding v. Von Zamft, 180 So.2d 208 (Fla. 3d DCA 1965). Nothing in the record indicates that the trial court abused its discretion with respect to "the convenience of the parties" or "the interests of justice," these being abstract concepts which must be weighed by the trial court according to the facts of each case, Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. 3d DCA 1975). Furthermore, the record supports the trial court's order for a change of venue based upon the convenience of the key witnesses, which has been held to be "the single most important consideration of the three statutory factors," Hu, 426 So.2d at 1279. Since the Fund's action could have been brought in Duval County, where the defendant, FPIR, resides, see § 47.011, Fla. Stat. (1985), the trial court properly transferred venue of this case to that county.[1] Accordingly, the order under review is
Affirmed.
NOTES
[1] Finding that venue of this case was properly transferred based upon the doctrine of forum non conveniens, we need not determine if the trial court correctly granted a change of venue based upon FPIR's other asserted ground for transfer.