PER CURIAM.
This is an appeal from an order granting the plaintiffs’ motion to transfer venue in a medical malpractice action. There was extensive support for a change of venue set forth in the court’s order. The case was the subject of media coverage that was found to be both “extensive” and “relentless.”
The appellees initially sought a change in venue because of publicity concerning a large settlement with a codefendant. That motion was denied. Subsequently, a plaintiffs’ motion to disqualify the trial court judge was granted under circumstances that generated additional publicity. This included the publication of certain statements made by the judge, who had stated that “the alleged statements reflecting on my integrity if made are nothing but hogwash and wholly untrue and figments of a sick and warped mind.” Another motion to change venue which was based on prejudicial publicity was also denied. However, the court did order that the case was not to be discussed with the media by counsel or the parties.
Shortly before trial, one of the defendant doctors appeared on a local television show during which several comments were made that concerned the court. Another motion to change venue was made and denied with leave for the issue to be reasserted during jury selection.
After three days of voir dire, the plaintiffs’ motion to transfer venue was granted. At that time, thirty-two of eighty-five prospective jurors remained. Of these, the court noted that eighteen jurors or members of their immediate family were patients of the “defendant entities.” Our review of the record reflects that, more specifically, thirteen jurors were present patients of Doctor Klomp’s group, “Doctors’ Clinic”, nine others had family members who were current patients of the group, six of the jurors were past patients, and two jurors had family members who were past patients of the “Clinic”, plus one juror had children who had been treated by two other defendants and another seven jurors had been patients or had relatives who were past patients of the Clinic. The order noted that close arguments were also made in support of challenges to almost every remaining prospective juror. The court also gave examples from the voir dire responses indicating the continuing notoriety of the case in the community. The court concluded that there were very few prospective jurors who were not suspect and that the ongoing media coverage continued to refer, sometimes inaccurately, to the earlier events. The court added:
All of the foregoing, the prior record and the totality of the circumstances in this case leads this Court to conclude it is impracticable or impossible to obtain a *1179 qualified jury in Indian River County and, just as importantly, to keep them fair, impartial, qualified and uninfluenced for the duration of what will be a bitterly contested and highly emotional six week trial.
The granting or refusal of a motion for change. in venue is within the sound discretion of the trial court and will not be disturbed absent a demonstration of a “palpable” abuse or grossly “improvident” exercise of discretion. See Gaboury v. Flagler Hospital, 316 So.2d 642 (Fla. 4th DCA 1975); Adams v. Knabb Turpentine Co., 435 So.2d 944 (Fla. 1st DCA 1983). Here, we conclude that there was no abuse of discretion, despite the appellants’ argument that the prospective jurors in question indicated that they would try to be fair and impartial and that many of them would not have been removed for cause. We also find no error in the denial of litigation expenses as part of the taxable costs. See generally § 47.191, Fla.Stat. (1985).
Therefore, the orders of the trial court are affirmed.
HERSEY, C.J., and DOWNEY and STONE, JJ., concur.