601 So.2d 627 (1992)
Nathaniel W. TINDALL, II, Appellant,
v.
Hugh N. SMITH, Appellee.
No. 92-00605.
District Court of Appeal of Florida, Second District.
June 26, 1992.
Rick A. Mattson of Mattson, McGrady & Todd, P.A., St. Petersburg, for appellant.
Hugh N. Smith and Robert E. Brazel of Smith & Fuller, P.A., Tampa, for appellee.
PARKER, Judge.
Nathaniel Tindall appeals the trial court's nonfinal order granting Hugh Smith's motion for change of venue. We reverse, concluding that the trial court abused its discretion in transferring venue as the record does not reflect the existence of the circumstances under which a change of venue is permissible.
We recognize that all courts have the power to grant changes of venue. § 47.091, Fla. Stat. (1991). Chapter 47 contains the circumstances under which a court may grant a change of venue. See §§ 47.101, 47.121, 47.122, Fla. Stat. (1991). Moreover, the granting or denying of a motion for change of venue is within the sound discretion of the trial court, and the trial court's decision should not be disturbed absent a demonstration of a palpable abuse or grossly improvident exercise of discretion. Adams v. Knabb Turpentine Co., Inc., 435 So.2d 944 (Fla. 1st DCA 1983) (citing McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1937)).
Under section 47.101, a party may move for a change of venue when he believes he will not receive a fair trial in the court where the action is pending either because the adverse party has an undue influence over the inhabitants of the county or because the movant is so odious to the inhabitants of the county. The motion for change of venue under this section shall be verified, shall set forth the facts on which it is based, and shall be supported by affidavits. Our record reflects that Smith did *628 not file a verified motion, as required by this section.
Under section 47.121, the trial court shall grant a change of venue when it appears impracticable to obtain a qualified jury in the county where the action is pending. Smith argues on appeal that since Sandy Wheeler, a potential key witness, was recently convicted of criminal fraud in Hillsborough County after a heavily publicized trial, a fair and impartial jury would be difficult if not impossible to select, citing Thornton v. DeBerry by and through DeBerry, 548 So.2d 1177 (Fla. 4th DCA 1989). Smith, however, failed to furnish any proof in the trial court to sustain his burden of demonstrating entitlement to the transfer of venue to Pinellas County. See McMichael, 174 So. at 325; Groome v. State, 448 So.2d 82 (Fla. 4th DCA 1984).
Under section 47.122, the trial court may grant a change of venue to another court in which it might have been brought for the convenience of the parties or witnesses or in the interest of justice. Pursuant to section 47.011, actions may be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. There is no showing, under the permitted venue alternatives, that this action could have been brought in Pinellas County. See § 47.011, Fla. Stat. (1991). See also Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978).
Based on the above, we conclude that the trial court abused its discretion in granting the motion for change of venue. Accordingly, we reverse the trial court's order granting Smith's motion for change of venue and remand for proceedings consistent with this opinion.
THREADGILL, A.C.J., and BLUE, J., concur.