STEVENSON, Judge.
This is an appeal from an order granting a motion for change of venue in a personal injury case on the basis of inconvenient forum. We affirm because the trial court’s order is supported by sufficient sworn evidence of inconvenience to the defendants to merit the transfer.
Plaintiff filed suit in Broward County against Paradise Rentals (“Paradise”), Holiday Inns, Inc. (“Holiday Inns”), and Keith McKay (“McKay”) following injuries she sustained in Key West. Broward County was a proper choice of venue because defendant McKay is a Broward resident. See § 47.011, Fla. Stat. (1993).
Holiday Inns and Paradise moved for a transfer of venue to Monroe County, arguing that Broward County was an inconvenient forum for them. See § 47.122, Fla. Stat. (1993). At the hearing on the motion, the trial court considered the deposition of James Gayler of Holiday Inns, the affidavit of Linda Phelps of Paradise, and plaintiffs deposition. These sources indicated that Monroe County is the situs of the accident, is where plaintiff received her initial medical treatment, and is the location of witnesses who can testify about the area of egress where the accident occurred. The evidence also revealed that Holiday Inns has no offices or other property in Broward County, and that Paradise operates exclusively in Monroe County. The plaintiffs deposition revealed that the bulk of her medical treatment has been provided in Broward County, where her treating physicians are located.
Considering the substantial nexus between this ease and Monroe County, as well as the defendants’ negligible contacts with Broward Counfy, we cannot conclude that the trial court abused its discretion in transferring venue to Monroe County. See Thornton v. DeBerry ex rel. DeBerry, 548 So.2d 1177, 1179 (Fla. 4th DCA 1989)(holding that a ruling on a motion for change of venue is within the sound discretion of the trial court). Accordingly, the order granting the change of venue is AFFIRMED.
SHAHOOD, J., concurs.
FARMER, J., dissents without opinion.