314 So.2d 808 (1975)
PETERSON, HOWELL & HEATHER d/b/a D.C. Peterson Trust, a Maryland Corporation, et al., Appellants,
v.
Jean O'NEILL, Individually, et al., Appellees.
No. 75-96.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied July 22, 1975.
*809 Spencer & Taylor, Miami, for appellants.
Horton, Perse & Ginsberg, Hawkesworth & Schmick, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The defendants Peterson, Howell & Heather (d/b/a D.C. Peterson Trust), Berkline Corporation and Liston Junior Green appeal the trial court's denial of their motion for change of venue pursuant to Fla. Stat. § 47.122, which provides for change of venue where the convenience of the parties or witnesses or the interests of justice so require. We reverse upon a holding that the trial court abused the discretion granted by the statute in failing to recognize the convenience of the parties and witnesses involved in this action.
The appellees, being the wife and minor children of the deceased, were the plaintiffs in a wrongful death action filed in the Eleventh Judicial Circuit seeking damages for the negligent operation of a motor vehicle. It is alleged that the negligence of the defendants resulted in the death of the deceased, George Flemin O'Neill.
The plaintiffs are residents of the State of Pennsylvania. Defendant Peterson Trust is a Maryland corporation and was the owner of the vehicle which collided with the O'Neill vehicle; defendant Berkline Corporation is a Delaware and Tennessee corporation and was the licensee of the vehicle; and defendant Liston Junior Green is a resident of the State of Georgia, was the driver of the vehicle, and is an employee of the Berkline Corporation. *810 The collision occurred in Polk County, Florida. The deceased was an employee of Disney World in Orlando and lived in Lakeland (Polk County, Florida). The deceased was taken to Lakeland General Hospital in Polk County. The accident was investigated by patrolmen assigned to the Lakeland (Polk County) office of the Florida Highway Patrol. The two witnesses to the accident reside in Orlando (Orange County) and Longwood (Seminole County) respectively. Polk, Orange and Seminole Counties are in close geographic proximity to one another, with Seminole County adjacent to Orange County and Orange County adjacent to Polk County.
The change of venue statute, by its very language, reposes a large discretion in the trial judge because concepts such as "convenience of the parties" and "interests of justice" are necessarily abstractions which must be weighed according to the facts of each case. Nevertheless, in any matter involving discretion of the trial court, the court does not have the right to disregard the established principles and guidelines set forth by law for decision in such matters. See Southern Railway Company v. McCubbins, Fla.App. 1967, 196 So.2d 512.
Appellees suggest, as a basis for the denial of the motion, the fact that the court was aware that the practicalities of trying the lawsuit would, by necessity, involve the transportation of the parties and their representatives and witnesses to and from Florida. It is thereupon urged that the trial court recognized that Dade County, Florida, being a large metropolitan area, had more adequate facilities (with its airport, abundance of hotels, and restaurants) than Polk County, and that the convenience of the parties would be aided by having their lawsuit tried in a metropolitan area. While we must concur that transportation facilities are generally better in metropolitan areas, we cannot recognize it as a rule of practice that it is always more convenient for parties to have their lawsuit tried in such areas. If this were so, it might follow that every lawsuit involving some out-of-state parties would be better tried in a metropolitan area. We think that it was the purpose of the venue statutes, e.g., Fla. Stat. §§ 63.102, 78.03, 83.11, 910.005 et seq., that the lawsuit should be tried in the area where the cause of action arose whenever consonant with the residence and convenience of the parties.
Appellee relies upon the holding of this court in Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So.2d 708, in which we held that an election of venue by the plaintiff could not be changed upon the grounds of convenience. This decision is no longer of force and effect inasmuch as it was decided prior to the enactment of Fla. Stat. § 47.122, the change of venue statute for convenience of parties with which we are here concerned.
We, therefore, hold that the trial court abused its discretion in refusing to transfer this cause to Polk County pursuant to Fla. Stat. § 47.122. See England v. Cook, Fla. App. 1972, 256 So.2d 403.
Reversed and remanded with directions to proceed in accordance with the views herein expressed.
Reversed and remanded.