326 So.2d 216 (1976)
The HERTZ CORPORATION, Appellant,
v.
Marcia RENTZ et al., Appellees.
No. 75-2255.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
*217 Brian D. Hill, of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Dennis J. Hightower, of Whitaker & Koepke & Associates, Orlando, for appellees.
OWEN, Judge.
This suit was filed in Orange County, seeking damages for personal injuries arising out of an automobile accident occurring in Jackson County, Florida. A defendant seeks review of an order denying its motion for change of venue from Orange to Jackson County pursuant to Fla. Stat. § 47.122 (1973).
A motion for change of venue pursuant to this statute is addressed to the sound judicial discretion of the court. The exercise of that discretion will not be disturbed except upon a clear showing of abuse. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla.App.4th, 1975).
The defendants are all nonresidents. The plaintiffs reside in Gadsden County (adjacent to Jackson County). Two eyewitnesses to the automobile accident and two other potential witnesses who arrived on the accident scene within an hour all reside in Jackson County. The accident was investigated by police officers in Jackson County. Some medical treatment was administered to plaintiffs in Jackson County by physicians located there. Additionally, plaintiffs received medical treatment by physicians located in South Georgia and in Tallahassee, Florida. Two eyewitnesses reside in the State of Oklahoma. The only connection which Orange County has with the case is that the nonresident corporate defendant has an agent or representative there.
Under the above facts we conclude (as did the court in Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. App.3rd, 1975) on closely analogous facts) that the trial court abused its discretion in denying the motion for change of venue pursuant to Fla. Stat. § 47.122 (1973). The order is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.