355 So.2d 451 (1978)
The KELLY-SPRINGFIELD TIRE COMPANY, a Foreign Corporation, Appellant,
v.
Noreene MOORE, Etc., et al., Appellees.
No. 77-1191.
District Court of Appeal of Florida, Third District.
February 14, 1978.
Rehearing Denied March 17, 1978.
*452 Adams, George, Schulte & Ward and Amy Shield Levine, Miami, for appellant.
Headley & Sudduth, Sam Daniels, Miami, for appellees.
Before HAVERFIELD, C.J., HENDRY, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
This is an interlocutory appeal by appellant/defendant Kelly-Springfield Tire Company, from an order in a wrongful death action denying its motion for change of venue.
Appellee/plaintiff, Noreene Moore, as personal representative of her deceased husband's estate, filed a wrongful death action against appellant in Dade County Circuit Court. The complaint alleged that appellee's husband was killed when a tire manufactured by appellant exploded while the deceased, a City of Sebring police officer, was driving a city police cruiser on State Road 25, one-tenth of a mile north of Sebring.
Appellant filed a "motion for change of venue or for transfer of cause" contending that "the 10th Judicial Circuit in Sebring, Florida, is the proper venue and most convenient venue for disposition of this cause." The trial judge denied the motion and this interlocutory appeal was taken.
The sole issue for our determination in this appeal is whether, pursuant to Section 47.122, Florida Statute (1975), the court abused its discretion in denying appellant's motion for a change of venue. Based upon the facts that are set forth below, it is our opinion that the court did abuse its discretion, warranting our reversal of the order appealed from.
Section 47.122, Florida Statutes (1975) provides that:
"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
With the above statute in mind, the facts reveal that the fatal accident occurred outside the City of Sebring; that the alleged defective tire was sold and mounted on the police cruiser by Yarbrough Tire Service of Sebring; that appellees, and all parties represented by appellees, are presently residents of Sebring; and that the material witnesses to the accident (rescue squad personnel, treating physicians; investigative police officers, etc.) are residents of Sebring. As such, it is our opinion that in the interest of justice and for the convenience of the parties and witnesses, venue is more properly suited in the Tenth Judicial Circuit in and for Highland County and the court abused its discretion in denying the motion for change of venue. Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); Hertz Corporation v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976). See also Tankel v. Seiberling Rubber Co., 95 F. Supp. 987 (N.D.Cal., S.D. 1951) construing the Federal forum non-conveniens statute, 28 U.S.C. § 1404(a).
Accordingly, the order appealed from is reversed and remanded with directions to transfer the cause to the Circuit Court of the Tenth Judicial Circuit.
Reversed and remanded with directions.