362 So.2d 357 (1978)
Harry BASSETT, Appellant,
v.
TALQUIN ELECTRIC COOPERATIVE, INC., a Corporation Organized and Existing under the Laws of the State of Florida, and Nationwide Insurance Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellees.
No. KK-92.
District Court of Appeal of Florida, First District.
August 14, 1978.
Rehearing Denied September 19, 1978.
*358 Jack A. Harnett, of Johnson, Harnett & Curry, Quincy, for appellant.
Edgar C. Booth, of Hall & Booth; Marion D. Lamb, Jr.; Willie D. Lines, Tallahassee, for appellee.
BOYER, Judge.
The sole issue on this appeal relates to venue. Appellee/Talquin Electric Cooperative, Inc. (Talquin), one of the defendants in the trial court, is a Florida corporation having a place of business in Leon County, Florida. Nationwide Insurance Company is a foreign corporation authorized to do business in the State of Florida and is one of the defendants in the trial court. It did not, however, participate in the pleadings nor proceedings giving rise to this controversy nor has it participated in this appeal.
Appellant/Bassett, plaintiff in the trial court, filed his complaint in Leon County seeking damages, both compensatory and punitive, for an alleged tort allegedly committed by Talquin. Although the complaint contains a total of nineteen paragraphs, numbered paragraph ten is representative of the tort alleged. For brevity we quote that paragraph only:
"Notwithstanding the fact that Defendant, Talquin Electric Cooperative, Inc., knew or should have known that the product, Amdon, contained a highly active chemical Compound or combination of chemical compounds that can remain in the soil for as many as five (5) growing seasons, and more, and that various small amounts can injure sensitive crops such as those which were grown by the Plaintiff, said Defendant, Talquin Electric Cooperative, Inc., during the fall of 1976 at such times and in such amounts as is known by the Defendant, Talquin Electric Cooperative, Inc., did distribute, broadcast and apply a chemical compound or combination of chemical compounds known as Amdon and/or other herbicide over, upon, underneath and along its power lines, and across and around the Plaintiff's, Harry Bassett, farm along irrigation ditches, upon and in direct proximity to the crops which he was growing, and down, into and near irrigation ponds and along the area in which the natural flow of surface water would drain into irrigation ponds upon the Plaintiff's property and upon adjoining property into irrigation ponds in complete disregard to the Plaintiff, his property, crops and the damage which said product would cause."
Talquin filed a motion to abate or transfer to Gadsden County, the location of the Bassett farm, which motion the trial court granted. It is the order granting that motion which is the subject of this appeal.
Florida Statute 47.051 provides that actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Generally speaking, it is the prerogative of the plaintiff to select the venue and so long as that selection is one of the alternatives provided by the statute the plaintiff's selection will not be disturbed. (Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443, (Fla. 1st DCA 1978), and authorities therein cited.) The burden is upon the party challenging venue, in order to successfully do so, to demonstrate impropriety of the plaintiff's selection. (Perry Building Systems, Inc. v. Hayes & Bates, Inc., supra, *359 and authorities therein cited) Since Talquin is a domestic corporation and has an office for transaction of its customary business in Leon County it necessarily follows that unless some other law prevails venue was properly selected by the plaintiff in Leon County.
Talquin first urges that notwithstanding F.S. 47.051 the plaintiff's alleged cause is a "local action" as distinguished from a "transitory action" and that it may therefore be maintained only in Gadsden County, citing as authority Lakeland Ideal Farm & Drainage Dist. v. Mitchell, 97 Fla. 890, 122 So. 516 (1929), and City of St. Petersburg v. Earle, 109 So.2d 388 (Fla. 2nd DCA 1959). We will consider those authorities in reverse order.
Although the author of the City of St. Petersburg case recognized the often confused distinction between venue and jurisdiction (see Ringling Bros. etc. v. State of Florida, etc., 295 So.2d 314 (Fla. 1st DCA 1974) cert. den. 303 So.2d 644, and cases therein cited.) and spoke of the common law rule regarding local and transitory actions, the real issue in that case related to the propriety of maintaining an action against a municipality in a county (venue) other than that of its location. (See Ringling Bros. etc. v. State of Florida, etc., supra.) Talquin being a domestic corporation rather than a municipal corporation, the holding in that case has no application sub judice.
Neither is the Lakeland Ideal Farm case here controlling. Without addressing the present viability of the rationale of that case in view of the changes in the applicable statutes over the past forty-nine years, the abolition of the distinction between law and equity and the extension of circuit court jurisdiction beyond county lines, we find that a careful analysis of that case reveals that its reasoning is more supportive of that here urged by appellant than appellee. The author of that opinion rationalized that if the issue involved is necessarily and chiefly a question of title to land then it is a local action and may be maintained only in the jurisdiction wherein the land is situated. On the other hand, the author noted, that actions for removing logs from land or sand and gravel severed therefrom, though incidentally made to involve the question of title, are transitory and need not be maintained in the county of the location of the land. Further, in the Lakeland Ideal Farm case, the plaintiff was complaining of past, present and continuing trespass due to water being back up onto the complainant's lands and prayed for an injunction to have said water removed and to prevent such backing up of the water in the future. In contrast, in the action sub judice, the complainant is seeking money damages primarily for alleged damages to his crops. Title, if involved at all, is only an incidental issue. The complaint is primarily for payment of money. The judgment sought, if obtained, will not involve any interest in the land and will not operate directly upon it. This case is, therefore, more analogous to McMullen v. McMullen, 122 So.2d 626 (Fla. 2nd DCA 1960) wherein our sister court of the Second District held that an action by vendors of real property for specific performance of the vendees agreement to purchase was not required to be maintained where the property was located.
Appellee's second basis for sustaining the order transferring venue from Leon County to Gasden County is the asserted applicability of F.S. 47.122 which provides that for the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought. The issue thus presented is analogous, except that no public body is involved, to that considered in Ringling Bros. etc. v. State of Florida, etc., supra.
While recognizing the discretion reposed in a trial judge in matters involving venue (see McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1937)) and the authority granted by the last cited statute to transfer a case to another venue in which it might have been brought "for the convenience of the parties or witnesses or in the interest of justice" we nevertheless note that the only allegation in Talquin's motion to abate or *360 transfer which could possibly be construed as an attempt to invoke F.S. 47.122 is the recitation that: "All of the witnesses, including the plaintiff in this action, reside in Quincy, Gadsden County, Florida * *". No other basis for invoking that statute is recited in the order of transfer although the learned trial judge did recite that the plaintiff asserted that a portion of his witnesses reside in Leon County and are employed by the Department of Agriculture and that other witnesses reside outside of the State of Florida and will be traveling for trial and/or hearing by airplane to the City of Tallahassee in Leon County. "Following, those recitations the trial judge further stated: "and for purposes of this order the court assumes that the plaintiff would be able to prove that fact * * *". Further, a court is entitled to take judicial notice of that which everyone knows which is, in this instance, that Gadsden County is adjacent to Leon County and that only a short distance separates the county seats (and court-houses) of said counties and that said county seats are connected by several highways, one of which is a multi-lane "superhighway".
Finding, as we do, that no sound basis appears in the record, or even in the briefs, for the application of F.S. 47.122 either on the basis of convenience of the parties or witnesses or in the interest of justice, we necessarily conclude that the aid of that statute was improvidently invoked.
The order here appealed, transferring the subject action from the circuit court in and for Leon County, Florida to Gadsden County, Florida is
REVERSED.
McCORD, C.J., and MILLS, J., concur.