390 So.2d 87 (1980)
Alphonse DELLA-DONNA, Appellant,
v.
GORE NEWSPAPER COMPANY, a Delaware Corporation Authorized to Do Business in the State of Florida; and Hamilton C. Forman, Appellees.
Nos. 80-789, 80-1045.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied December 8, 1980.
Frates, Jacobs & Farrar and Terry S. Bienstock, Kreeger & Kreeger, Miami, for appellant.
Joe N. Unger, Pomeroy, Betts, Pomeroy, Moses & Pomeroy, Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for appellees.
Before HUBBART, C.J., SCHWARTZ, J., and LILES, WOODIE A. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The plaintiff-appellant, a lawyer who lives and practices in Broward County, brought a defamation action against the publisher of the Fort Lauderdale News and a commentator on a Fort Lauderdale radio station. Since some copies of the News circulated, and the station's range extended into Dade County, venue was initially properly laid here, as one of the counties in which the cause of action accrued. Firstamerica Development Corp. v. Daytona Beach News-Journal Corp., 196 So.2d 97 (Fla. 1966). In the order on appeal,[1] however, the trial court transferred the case to Broward County under the forum non conveniens statute. Sec. 47.122, Fla. Stat. (1979). Since Broward is where all the parties reside, where the alleged wrongs were committed, and where the predominant adverse impact of those wrongs took place, we find no abuse of discretion in that ruling. Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. 3d DCA 1975); England v. Cook, 256 So.2d 403 (Fla. 3d DCA 1972); see, McMichael v. Harris, 127 Fla. 861, 174 So. 323 (1937); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); Florida East Coast R. Co. v. Hardee, 167 So.2d 68 (Fla. 3d DCA 1964); compare, Houchins v. Florida East Coast R. Co., 388 So.2d 1287 (Fla. 3d DCA 1980) (Case no. 80-390, opinion filed, September 30, 1980); Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).[2] "In *88 sum, this is a [Broward County] case,"[3] which belongs in Broward County.
Affirmed.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(A).
[2] We read the Bassett opinion as one which simply determines that the movant failed to make the required showing that a transfer was appropriate "for the convenience of the parties or witnesses or in the interest of justice." § 47.122. If, however, it holds that § 47.122 may not be utilized to deprive the plaintiff of his choice of forum if the transferor and transferee counties are adjacent and are connected by convenient means of transportation, we simply disagree with that conclusion. Banachowski v. Atlantic Refining Co., 84 F. Supp. 444 (S.D.N.Y. 1949) ("[I]f we were to so hold residents of Jersey City, Hoboken and neighbouring cities would all find it more convenient to sue in this court [in Manhattan] instead of in the District Court of New Jersey.") Accord, Haase v. Mallenkrodt, Inc., 415 F. Supp. 889 (S.D.N.Y. 1976) (transfer from Manhattan to Jersey City appropriate); Bridgeman v. Bradshaw, 405 F. Supp. 1004 (D.S.C. 1975).
[3] Leinberger v. Webster, 66 F.R.D. 28, 35 (E.D.N.Y. 1975).