396 So.2d 743 (1981)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
Linda Pauline TROUTMAN, As Personal Representative of the Estate of James Oliver Troutman, Jr., Deceased, Appellee.
No. 80-43.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
Rehearing Denied May 4, 1981.
George W. Wright, Jr., of Kelly, Black, Black, Wright & Earle, P.A., and Steel, Hector & Davis, Miami, for appellant.
Stephen J. McDonald of Hodges, Gossett, McDonald & Wakefield, P.A., Hollywood, and Sheldon J. Schlesinger of Simons & Schlesinger, P.A., Fort Lauderdale, for appellee.
MOORE, Judge.
This wrongful death action was commenced in Broward County, Florida. The defendant, Florida Power & Light Company, appeals from an order denying its motion for change of venue to Dade County, Florida.
*744 Section 47.122, Florida Statutes (1979) permits the trial court, in the exercise of sound discretion, to change venue for the convenience of the parties or witnesses, or in the interest of justice. We find that the trial court abused its discretion in denying the motion for a change of venue and we reverse.
The undisputed facts are that the deceased and his family had lived in Dade County for approximately ten years. The accident which allegedly gave rise to the wrongful death occurred in Dade County. A Dade County fire rescue unit initially treated the deceased. The decedent was taken to a hospital in Dade County. Eleven of the twelve Florida Power and Light Company employees who are potential witnesses reside in Dade County. The records involving the Florida Power & Light Company facilities at the accident scene are maintained in Dade County.
Florida Power and Light Company maintains an office in Broward County, Florida and the plaintiff's attorneys maintain their principal office in Broward County. These, however, are the only contacts which this case has with Broward County.
In Hertz Corporation v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976), suit was commenced in Orange county. The only connection with Orange County was the presence of a Hertz agent. We held that it was an abuse of discretion to deny a motion to transfer venue to Jackson County where the subject accident occurred, most witnesses resided, some medical treatment was administered, and the investigation took place. Similarly, on analogous facts, we conclude that the trial court abused its discretion by denying the motion to transfer venue in this case. See also, Kelly-Springfield Tire Company v. Moore, 355 So.2d 451 (Fla. 3rd DCA 1978); Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. 3rd DCA 1975).
Consequently, the order is reversed and this cause is remanded for entry of an order transferring venue to Dade County, Florida.
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., concur.