PER CURIAM.
Defendants in the trial court, Orange Blossom Hills, Inc. and Homette Corporation, bring this interlocutory appeal from orders denying their motion to dismiss or to transfer for improper venue.
An action was instituted by Hazel and Charles Vice for personal injuries arising out of a claimed injurious exposure to formaldehyde gas while living in a mobile home in Lake County, which home was manufactured by defendant Homette and sold by defendant Orange Blossom. The defendants moved to dismiss or transfer for improper venue on the bases (a) that Hom-ette is an Indiana corporation with Ocala, *505 Marion County, as its principal place of business in Florida; (b) that the mobile home was manufactured in Ocala; (c) that the mobile home was shipped to Leesburg, Lake County, a distance of about 25 miles; (d) that the mobile home was sold in Lees-burg; (e) that the mobile home was financed by a Leesburg bank; (f) that Hom-ette has no employees, agents, facilities or representatives in Dade County; (g) that Orange Blossom has its principal place of business in Broward County and has not had a business office in Dade County since September 10, 1980,[1] nor does it have agents, representatives or employees in Dade County.
We reverse. The injury occurred in Lake County, allegedly because of negligence in the design or manufacture of the mobile home in Marion County. The defendant-manufacturer is situated in Marion County. The defendant-seller operates in Lake County and sold the mobile home in Lake County, although it also has an office in Broward County, Florida. For the convenience of the parties, the appropriate forum would be either Lake County or Marion County, as all the witnesses as to design and manufacture and/or maintenance of the mobile home would reside in either of these two counties (which are adjoining counties). Peterson, Howell and Heather v. O’Neill, 814 So.2d 808 (Fla. 3d DCA 1975); Gaboury v. Flagler Hospital, 316 So.2d 642 (Fla. 4th DCA 1975); Hertz Corporation v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Kelly-Springfield Tire Company v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Sec. 47.122, Florida Statutes (1979).
Reversed and remanded, with directions to the trial court to allot the plaintiffs a limited time to make an election to have the cause transferred to either Lake County or Marion County, and in lieu thereof the cause should be dismissed without prejudice.
Reversed and remanded with directions.

. The filing of the complaint was subsequent to September 10, 1980.