403 So.2d 614 (1981)
HUGHES SUPPLY, INC., Appellant,
v.
Joel PEARL, and Does I-X, Appellees.
No. 81-489.
District Court of Appeal of Florida, Fourth District.
September 16, 1981.
William B. Wilson of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Robert G. Udell of Saylor & Beatty, Stuart, for appellee  Joel Pearl.
HERSEY, Judge.
This is an appeal seeking review of a non-final order denying a motion for change of venue, filed pursuant to Section 47.122, Florida Statutes (1979), Florida's forum non-conveniens statute. The complaint, filed by appellee Joel Pearl, alleges that appellant and ten of its agents and employees tortiously interfered with the business relationship between Pearl and Progress Lighting Fixtures. The suit was instituted in the circuit court of St. Lucie County and appellant's motion for a change of venue to Orange County was denied.
The record reveals that neither the appellant nor the appellee, Joel Pearl, reside in St. Lucie County. Appellee is a resident of Martin County and appellant corporation has its principal place of business in Orange County. Although not specifically pled, all allegations indicate that the cause of action arose in Orange County. All of appellant's officers, directors, employees and agents who were involved with Progress Lighting Fixtures work in Orange County and live in or about the Orlando, Orange County area. Appellant's documents and business records *615 pertaining to transactions and contacts with Progress Lighting are located in Orange County. The only connection with St. Lucie County is that appellant has an office there; however, that office is not involved in the subject matter of the litigation.
A motion for change of venue pursuant to the statute is addressed to the sound judicial discretion of the trial court and the exercise of that discretion will not be disturbed except upon a clear showing of abuse. Hertz Corporation v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Florida Power & Light Company v. Troutman, 396 So.2d 743 (Fla. 4th DCA 1981). In view of the minimal contacts between the parties and the cause of action and St. Lucie County, compared with the substantial contacts with Orange County, we believe that the record constitutes a clear showing that St. Lucie County is a forum non-conveniens so that the relief sought should have been granted.
We reverse and remand the case with instructions to transfer the cause to the circuit court of Orange County, Florida.
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS, C.J., and BERANEK, J., concur.