## GLENN v. GORY ASSOCIATED INDUSTRIES, INC., et al.

### Case No. 84-022876 CK

Seventeenth Judicial Circuit, Broward County

April 12, 1985

### APPEARANCES OF COUNSEL

**Gary D. Fox, Stewart, Tilghman, Fox & Bianchi,** for plaintiff.

**Brent M. Turbow,** cocounsel, for plaintiff.

**Joseph M. Loughren, Wicker, Smith, Blomqvist, Tutan, et al.,** for defendant, Gory Associated Industries, Inc.

**Gerald M. Walsh, Walsh, Theissen & Boyd, P.A.,** cocounsel, for defendant, Gory Associated Industries, Inc.

**Gordon James, III,** and **Joseph S. Kashi, Conrad, Scherer & James,** for defendant, Tampa Pallet Company.

### OPINION OF THE COURT

H. MARK PURDY, Circuit Judge.

The issue before the court is whether this action should be transferred to a more convenient venue in accordance with section 47.122, Florida Statutes (1985).

This is an action to recover damages for personal injuries sustained

by plaintiff in a construction site accident. The complaint alleges that plaintiff was employed by a roofing subcontractor which had been engaged to install a new roof on a building in Ponte Vedra, Florida. On October 5, 1983, a pallet upon which roofing tiles had been stacked was raised to roof level and suspended by a forklift. As plaintiff stepped onto the pallet, it tipped and he fell, sustaining the injuries of which he complains in this action.

The defendants are Gory Associated Industries, Inc. and Tampa Palley Company, Inc. Plaintiff alleges that Gory manufactured the roofing tiles, stacked them on the pallet, and transported the pallet and tiles to the construction site. It is further alleged that Gory provided the forklift that was used to elevate the pallet involved in the accident. Plaintiff alleges that Tampa Pallet manufactured the pallet involved in the accident and that this pallet was unsuitable for the use to which it had been applied at the time of the accident. Both Gory and Tampa Pallet are charged with negligence, breach of implied warranty of merchantability, and strict products liability.[1] In its answer, Tampa Pallet raised the defense of improper venue and contemporaneously moved to transfer the action under the doctrine of forum non conveniens, which is codified in Section 47.122, Florida Statutes (1985).[2] This statute provides:

> For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.

Thus, it is necessary to evaluate the relationship of the parties, the witnesses, and the litigation to the forum and the alternate choices of venue sought by Tampa Pallet.

The record reflects that the accident occurred in Ponte Vedra, Florida, which is located in St. Johns County. At the time of the accident, plaintiff resided in Jacksonville, and he continues to live there. Jacksonville is located in Duval County, which is adjacent to St. Johns County. Similarly, plaintiff's employer at the time of the accident, Alabama/Florida/Georgia Roofing Company, was situated in Jacksonville Beach, which is located in Duval County.[3] The police investigation following the accident was performed in St. Johns County

---

[1] Defendant, Gory, has filed a counterclaim against plaintiff and a third party complaint against Alabama/Florida/Georgia Roofing Co., plaintiff's employer at the time of the accident, seeking contractual indemnity.

[2] Similarly, defendant, Gory, filed a motion to abate for improper venue.

[3] Plaintiff's employer is also a third party defendant.

48

by officers of the St. Johns County Sheriff's Office. Plaintiff was transported from the scene of the accident to the Beaches Hospital, which is located in Jacksonville Beach, in Duval County. He was transported by a rescue squad dispatched from St. Johns County. In answers to interrogatories, plaintiff states that he has been treated for his accident related injuries by six doctors or medical groups and one rehabilitation center, all of which are located in Jacksonville, in Duval County. In further answers to interrogatories, plaintiff lists five of his co-workers at the time of the accident as witnesses. Plaintiff states that he does not know the address of two of the co-workers, but it is known that they were employed by Alabama/Florida/Georgia Roofing Company, in Duval County, and were working in Ponte Vedra, in St. Johns County, at the time of the accident. Furthermore, plaintiff's interrogatory answers state that the other three co-workers reside in Jacksonville, in Duval County. Defendant, Tampa Pallet, is a Florida corporation with its principal place of business in Hillsborough County. Defendant, Gory, is alleged to have its principal place of business in Broward County, and this is the sole contact between this litigation and the forum. The Court finds that the contact between Gory and the forum pales in significance in comparison to the overwhelming contacts among the parties, witnesses, and litigation with St. Johns County and Duval County, which adjoin each other and are distant from Broward County.

The appellate decisions demonstrate that transfer is mandatory in this case. *Peterson, Howell and Heather v. O'Neill*, 314 So.2d 808 (Fla. 3rd DCA 1975), was a wrongful death action arising from a motor vehicle collision. The action was filed in Dade County, but the collision occurred in Polk County, the decedent lived and worked in Polk County, the decedent was transported to a hospital in Polk County following the accident, the accident was investigated by patrolmen assigned to Polk County, and two eyewitnesses lived in close proximity to Polk County. The Third District Court of Appeal held that the trial court abused its discretion by refusing to transfer the action to Polk County in accordance with Section 47.122, Florida Statutes.

*Kelly-Springfield Tire Co. v. Moore*, 355 So.2d 451 (Fla. 3rd DCA 1978), was a wrongful death action arising from the explosion of an automobile tire. The action was filed in Dade County, but the accident occurred in Highland County, the tire was sold and mounted in Highland County, the decedent's survivors lived in Highland County, and "the material witnesses to the accident (rescue squad personnel, treating physicians, investigative police officers, etc.)" lived in Highland County. The Third District Court of Appeal held that the trial court

**49**

abused its discretion by refusing to transfer the action to Highland County in accordance with Section 47.122, Florida Statutes.

*Hertz Corp. v. Rentz*, 326 So.2d 216 (Fla. 4th DCA 1976), was an action to recover damages for personal injuries sustained in a motor vehicle collision. The lawsuit was filed in Orange County, but the plaintiffs lived near Jackson County, two eyewitnesses lived in Jackson County, the accident was investigated by police officers in Jackson County, and some medical treatment was administered to the plaintiffs in Jackson County. The Fourth District Court of Appeal, expressly following the decision of the Third District Court of Appeal in *Peterson, Howell and Heather v. O'Neill, supra*, held that the trial court abused its discretion by refusing to transfer the action to Jackson County in accordance with Section 47.122, Florida Statutes.

In *Sun Bank of Ocala v. International Harvester Co.*, 408 So.2d 661 (Fla. 3rd DCA 1982), the Third District Court of Appeal upheld the action of the trial court in transferring an action for personal injuries to the county where the accident occurred and in which the majority of witnesses lived.

The court in *Hu v. Crockett*, 426 So.2d 1275 (Fla. 1st DCA 1983), conducted an insightful analysis of Section 47.122, Florida Statutes. Initially, the court noted that venue may be changed on the basis of:

a. the convenience of the parties;

b. the convenience of the witnesses; *or*

c. in the interest of justice.

Before proceeding to consider each of these factors in detail, the court recognized that federal case law is highly persuasive in construing Section 47.122, because it is modeled after the federal provision, 28 USC Section 1404(a). The federal law reduced the significance of the plaintiff's selection of venue by placing the convenience of the witnesses and the interests of justice, factors not contingent upon the plaintiff's choice of forum, in the venue equation. Of course, the Florida Statute does precisely the same thing.

The court declared that the propriety of the plaintiff's choice of forum is bolstered when the plaintiff seeks to litigate a suit in his home community. In contract, "if the evidence suggests that a plaintiff has without good reason purposefully avoided litigating a suit on his 'home turf', the weight accorded his forum selection is weakened." *Id.* at 1279. The court is confronted with the latter situation in the present case.

"The convenience of the witnesses is probably the single most

important consideration of the three statutory factors. [Citation omitted]. This is based on the perception that material witnesses should be located near the courtroom to permit live testimony." *Id.* This most important factor weighs inexorably in favor of a change of venue in the present case.

The interests of justice involve such factors as the avoidance of crowded court dockets and the imposition of jury duty on an uninvolved community. *Id.* at 1280. These factors also preponderate in favor of a change of venue. Under the totality of the circumstances, a change of venue is not only desirable but is commanded by Section 47.122, Florida Statutes (1983).

Either St. Johns or Duval Counties would provide suitable forums for this action. In choosing between them, the court has selected Duval County as the most appropriate forum because it is the place of residence of the plaintiff, three eyewitnesses, and all of the treating doctors and medical facilities. Moreover, Duval County has to offer a major airport, which will facilitate the transportation of counsel and out of state witnesses to the new forum.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant, Tampa Pallet Company's, Motion to Transfer is granted;

2. The clerk of the court is directed to transfer this action and transmit all papers in it to the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida.

Editor's Note: An appeal to the Fourth District Court of Appeal was filed in this case, but subsequently dismissed. As of publication date, the time for refiling had not expired.