505 So.2d 24 (1987)
Susan LEVY and Howard Levy, Her Husband, Appellants,
v.
HAWK's CAY, INC., Hawk's Cay Investors Ltd.; Brandy Group, Inc., Brandy Marine of the Keys; Sears, Roebuck & Co.; Murray Ohio Manufacturing Co.; and Jeffrey Sylvester, Appellees.
No. 86-3096.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Shutts & Bowen and Richard M. Leslie, Miami, and Anthony J. Oliva, Coral Gables, for appellants.
Arnstein, Gluck, Lehr & Milligan, and Carol McLean Brewer, West Palm Beach, James C. Blecke and Susan S. Lerner, Miami, Conroy, Simberg, Wilensky & Lewis, Hollywood and Sharon A. Shade, Miami, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
The non-final order transferring the venue of the instant negligence/products liability action below from Dade County to Monroe County, Florida, under Section 47.122, Florida Statutes (1985), is affirmed because, simply stated, there was a reasonable basis in the record for such a decision and, accordingly, no gross abuse of discretion has been shown. This is so due to the fact that: (a) the action sued upon arose in Monroe County, (b) thirty-one of the sixty non-party witnesses in this cause reside in Monroe County, and (c) very few witnesses in the cause are located in Dade County. Accordingly, it can reasonably be said that *25 (1) substantial inconvenience to the parties has been shown below for the case to be tried in Dade County, and (2) Monroe County is a far more convenient county in which to try this cause than is Dade County. We have not overlooked the contrary arguments raised by the plaintiffs/appellants, but we conclude that none can carry the day in demonstrating a gross abuse of discretion. See Sun Bank of Ocala v. International Harvester Co., 408 So.2d 661 (Fla. 3d DCA 1981); Della-Donna v. Gore Newspaper Co., 390 So.2d 87 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1141 (Fla. 1981); Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Peterson, Howell & Heather v. O'Neill, 314 So.2d 808 (Fla. 3d DCA 1975).
Affirmed.