529 So.2d 735 (1988)
Miriam BRAUN, Appellant,
v.
Jane E. STAFFORD, Appellee.
No. 88-0622.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
Rehearing Denied September 9, 1988.
*736 Thomas A. Dye of Morgan, Lewis & Bockius, Miami, for appellant.
James D. Dreyer of Dreyer & Associates, Sarasota, for appellee.
HERSEY, Chief Judge.
Appellant, Miriam Braun, one of two defendants in a personal injury action, contends that the trial court abused its discretion in denying her motion, made pursuant to section 47.122, Florida Statutes (1987), to change venue from Broward County to Pinellas County. We agree and reverse.
The record indicates that the automobile collision giving rise to the lawsuit occurred in Pinellas County, the responding police officers and fire rescue team were from Pinellas County, the injured parties received some medical treatment in Pinellas County, and two passengers in the plaintiff's vehicle were residents of Pinellas County. The only connection which Broward County has with the case is that the corporate defendant has an office there.
It is clear that Pinellas County is the most convenient forum for the witnesses in this case. Accordingly, here, as in Florida Power & Light Company v. Troutman, 396 So.2d 743 (Fla. 4th DCA 1981), and Hertz Corporation v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976), we find that the trial court abused its discretion in denying the motion for change of venue. We therefore reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.