564 So.2d 209 (1990)
BURGER KING CORPORATION, Appellant,
v.
Linda KOEPPEL, Individually and As Personal Representative of the Estate of Robert S. Koeppel, Appellees.
No. 90-388.
District Court of Appeal of Florida, Third District.
July 10, 1990.
Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler and Joseph H. Lowe, Miami, for appellant.
Jack L. Herskowitz, Miami, for appellees.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
LEVY, Judge.
Appellant, who was the defendant below in a wrongful death action, appeals the denial of its motion to dismiss or, in the alternative, to transfer venue. As far as the motion to dismiss is concerned, we affirm *210 the trial court's denial of that motion. However, for the reasons discussed below, we reverse the denial of the motion to transfer.
Appellee, who was the plaintiff below and is a Broward County Resident, filed her wrongful death action in adjacent Dade County against Burger King, a Florida corporation, based upon a death at a Pembroke Pines, Broward County, Burger King restaurant. The complaint contained no allegations regarding where defendant maintained its principal place of business. Defendant moved under Section 47.051, Florida statutes (1989), to dismiss on this ground or, alternatively, under Section 47.122, Florida Statutes (1989), to transfer venue to Broward County. In support of its motion to transfer, defense counsel submitted the Pembroke Pines police report which showed that, of the more than twenty individuals named in the report, only one was a Dade resident, while the rest resided in Broward. The police department which investigated the death, other police departments and rescue squads listed in the report, and the hospital where the deceased was taken are all located in Broward County. At the hearing on the motion, plaintiff attempted to moot the motion to dismiss by agreeing to amend her complaint to allege that defendant's principal place of business was Dade County. The court denied the motion to transfer venue. This appeal follows.
Venue in this case was properly laid, initially, in Dade County under Section 47.051 because the defendant is a domestic corporation with a Dade County office where it transacts its customary business. Section 47.122, however, provides that "[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." The decision to transfer venue based upon Section 47.122 is one which is within the sound discretion of the court, and the party contesting the choice of venue must show an abuse of this discretion in order to successfully challenge the court's determination. McMichael v. Harris, 127 Fla. 861, 174 So. 323 (Fla. 1937); Florida Patient's Compensation Fund v. Florida Physicians' Ins. Reciprocal, 507 So.2d 778 (Fla. 3d DCA 1987); Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983); Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 4th DCA 1981); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); see Braun v. Stafford, 529 So.2d 735 (Fla. 4th DCA 1988); see also Della-Donna v. Gore Newspaper Co., 390 So.2d 87 (Fla. 3d DCA 1980); Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978).
In the instant case, inasmuch as the death occurred in Broward County, the plaintiff and twenty of the twenty-one witnesses reside in Broward County, and almost all the contacts (certainly all the important contacts) occurred in Broward County, we find that the trial court abused its discretion in denying the motion to change venue to Broward County, where the action could have been filed originally. See Braun v. Stafford, 529 So.2d 735 (on closely analogous facts); Hughes Supply, Inc. v. Pearl, 403 So.2d 614; Kelly-Spring-field Tire Co. v. Moore, 355 So.2d at 451; Hertz Corp. v. Rentz, 326 So.2d 216 (on closely analogous facts). The only apparent contacts which Dade County has with this case is that defendant maintains an office here. This single contact with Dade County, standing alone, is indeed minimal, and appears to be even more so when contrasted with the Broward County contacts. Clearly, transfer of this matter to Broward County best serves the convenience of the witnesses, as well as the plaintiff, under Section 47.122, with only a slight possible inconvenience to defendant. Obviously, by filing the motion to transfer venue, the defendant is waiving any possible inconvenience that might be experienced by its one witness that will have to travel to Broward County for any future proceedings. Thus, the trial court erred in denying the defendant's motion to transfer the case to Broward County.
As to plaintiff's argument that the death in Pembroke Pines occurred at a point midway between the Dade and Broward County courthouses, and that, accordingly, the Dade County courthouse was as convenient for the witnesses as was the Broward *211 courthouse, assuming arguendo that the courthouses are equidistant from this point, we would call plaintiff's attention to Della-Donna v. Gore Newspaper Co., 390 So.2d 87, wherein this court found no abuse of discretion in the trial court's transfer to Broward County of a defamation action brought against the publisher of a Broward newspaper and a Broward radio commentator. There, the alleged wrongs were committed, and the predominant adverse impact of those wrongs took place, in Broward County. In a footnote to Della-Donna's citation of Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357 (Fla. 1st DCA 1978), this court said:
We read the Bassett opinion as one which simply determines that the movant failed to make the required showing that a transfer was appropriate "for the convenience of the parties or witnesses or in the interest of justice." § 47.122. If, however, it holds that § 47.122 may not be utilized to deprive the plaintiff of his choice of forum if the transferor and transferee counties are adjacent and are connected by convenient means of transportation, we simply disagree with that conclusion. Banachowski v. Atlantic Refining Co., 84 F. Supp. 444 (S.D.N.Y. 1949) ("[I]f we were to so hold residents of Jersey City, Hoboken and neighbouring cities would all find it more convenient to sue in this court [in Manhattan] instead of in the District Court of New Jersey.") Accord, Haase v. Mallenkrodt, Inc., 415 F. Supp. 889 (S.D.N.Y. 1976) (transfer from Manhattan to Jersey City appropriate); Bridgeman v. Bradshaw, 405 F. Supp. 1004 (D.S.C. 1975).
Della-Donna v. Gore Newspaper Co., 390 So.2d at 87-88, n. 2.
Accordingly, the order on appeal is reversed and this case is remanded with instructions to grant the defendant's motion to transfer venue to Broward County.
Reversed and remanded with instructions.