PER CURIAM.
This is an appeal, brought by a defendant insurance company in a personal injury case, from a non-final order which denied the insurance company’s motion for a change of venue. Appellee, Leonor Palma [the “insured”], filed this action against the appellant, Prudential Property and Casualty Insurance Company, [the “insurance company”], in Dade County, Florida, following a rear-end collision which occurred in Daytona Beach, Florida. The insurance company then moved for a change of venue to Daytona Beach, Volusia County, Florida.
At the time of the automobile accident, both the insured and her husband were residents of New York. They received initial medical treatment and physical therapy in Volusia County, and their follow-up medical attention in New York State.[1] According to the police report, the insured’s answers to interrogatories, and the pretrial catalog, the witnesses in this case are located in New York State, and Volusia, Seminole, and Orange Counties, Florida. The driver and passenger of the other vehicle involved in the accident both reside in Volu-sia County. The insurance company does business in both Volusia County and Dade County as well as throughout the rest of the State of Florida.
“For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.” Section 47.122, Fla.Stat. (1991). This case might have been brought in Volusia County since that is where the accident occurred. See § 47.-011, Fla.Stat. (1991) (venue proper where cause of action accrued). In view of the fact that the record is devoid of any connection between Dade County and any of the factual occurrences in this case or any of the witnesses who might be called to testify in this case, we find that the trial court abused its discretion in denying the insurance company’s motion for a change of venue. See Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992); Burger King Corporation v. Koeppel, 564 So.2d 209 (Fla. 3d DCA 1990); Kelly-Springfield Tire Company v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978). Accordingly, the order under review is reversed, and this cause is remanded with directions to the trial court to grant the insurance company’s motion for a change of venue to Volusia County.
Reversed and remanded with directions.

. Approximately two years after the accident, the insured’s husband died of unrelated causes.