721 So.2d 430 (1998)
P.V. HOLDING CORP., d/b/a Avis Rent A Car System, Inc., a Delaware corporation and, David P. Roma, Appellants,
v.
Robert TENORE and Michelle Tenore, his wife, Appellees.
Nos. 98-1646.
District Court of Appeal of Florida, Third District.
December 2, 1998.
*431 George, Hartz, Lundeen, Flagg & Fulmer, and Charles M.P. George, Coral Gables, for Appellants.
Simon and Nelson, and Shannon del Prado, Miami, for Appellees.
Before JORGENSON, LEVY and GERSTEN, JJ.
PER CURIAM.
P.V. Holding Corporation, d/b/a Avis Rent A Car System, Inc. ("Avis") and David P. Roma ("Roma"), appeal the denial of a motion to transfer venue to Palm Beach County. We reverse.
Appellees, Robert Tenore and Michelle Tenore ("plaintiffs"), filed suit in Miami-Dade County against Avis and Roma, seeking damages for injuries sustained in a car accident. The accident occurred in Palm Beach County, where the plaintiffs previously resided.
On November 2, 1994, Avis moved to dismiss the complaint, or alternatively to have the action transferred to Palm Beach County. All of the medical treatment occurred in Palm Beach County, and all of the witnesses to the action, with the exception of co-defendant Roma, are located in Palm Beach County. The trial court denied the motion.
It is well established that where venue is proper in more than one county, the choice of forum rests with the plaintiff. See Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981); Houchins v. Florida E.C. Ry. Co., 388 So.2d 1287 (Fla. 3d DCA 1980). However, while a plaintiff's choice of forum is entitled to respect, that choice is not paramount. The plaintiff's venue privilege will not be honored where the convenience of the parties or witnesses, or the interests of justice, require the action to be transferred. See Burger King v. Koeppel, 564 So.2d 209 (Fla. 3d DCA 1990); Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983); Kelly-Springfield Tire Company v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978).
Here, the accident occurred in Palm Beach County and all of the witnesses, with the exception of co-defendant Roma, are located in Palm Beach County. Because the cause of action arose outside Miami-Dade County, and most, if not all, of the important witnesses and contacts are located outside Miami-Dade County, we find the trial court erred in denying the motion to transfer venue. See Brunschwig v. Simpson, 711 So.2d 255 (Fla. 3d DCA 1998); Prudential Property and Casualty Ins. Co. v. Palma, 622 So.2d 594 (Fla. 3d DCA 1993); Burger King v. Koeppel, 564 So.2d at 209. Accordingly, the order denying the motion to transfer venue is reversed, with directions that the cause be transferred to Palm Beach County.
Reversed and remanded with directions.