POLEN, J.
In Case Number 99-2865, the trial court denied ATP Tour, Inc.’s motion to transfer venue in a case filed against it and other defendants by Horst Skoff on the ground of forum non conveniens. At the same time, the court granted Horst’s motion to strike the motion to transfer venue. In Case Number 99-3569, David M. Martin and Firstlab, Inc. appeal from an order denying their motion to dismiss Skoffs complaint based on a claim of improper venue. This court consolidated both appeals. '
This cause began when ATP suspended Skoff, a professional tennis player from Austria, from playing at its events based on his refusal to provide a required urine sample. Skoff sued the ATP in Broward County alleging various tortious, contractual, and other counts. He, later added Martin and Firstlab as defendants.
ATP has its principal place of business •in St. Johns County, and only a registered agent for service in Broward County. Firstlab is a Virginia corporation with its principal place of business in Virginia. Martin is a Pennsylvania resident. Neither Firstlab nor Martin had any contacts or witnesses in Broward County.
After filing his complaint, Skoff moved to enjoin ATP from suspending him. Around this time, ATP orally agreed not to raise a venue challenge prior to a hearing on Skoffs. motion to enjoin. Skoffs counsel sent ATP a letter to confirm that conversation. The letter provided that Skoff agreed as a result of that stipulation to forebear from seeking an injunction and playing in tournaments on the condition that the cause be heard during a three week trial docket commencing October 27, 1997. The trial court later granted Skoffs motion to enjoin.
Over one year after the suit was filed, ATP moved to transfer the case to St. Johns or Duval County on the ground of forum non conveniens. The court denied ATP’s motion, finding that it had waived *1228 the right to raise a challenge to venue. Alternatively, it found it waived the challenge by waiting too long to file the motion.
Martin and FirstLab also moved to dismiss/transfer the case to Belgium, St. Johns or Duval County based on forum non conveniens. The court denied their motion as well.

I. ATP’s appeal

We hold the trial court did not abuse its discretion in denying ATP’s motion to transfer venue. The record supports the court’s finding that ATP waived its right to contest venue, or, alternatively, that it was barred by laches from bringing the motion. In this latter regard, while there is no set time limit for filing a motion for change of venue for forum non conve-niens, Bell Helmets, Inc. v. Sanchez, 553 So.2d 782 (Fla. 4th DCA 1989), the record reflects that ATP had already engaged in substantial discovery and other litigation since the date of the complaint and temporary injunction order, all of which demonstrated that ATP was proceeding toward trial in Broward County. Accordingly, we affirm.

II. Martin and Firstlab’s Appeal

Martin and Firstlab argue that they were entitled to a forum non conve-niens analysis by the trial court independent of its finding of waiver as to ATP. See Tompkins v. Acadia Partners, L.P., 702 So.2d 1340 (Fla. 5th DCA 1997)(holding change of venue was authorized based on the amended complaint, despite the fact that the original complaint could not have been brought in the newly-selected forum); Straske v. McGillicuddy, 388 So.2d 1334 (Fla. 2d DCA 1980)(holding original defendant waived venue objection, but newly added defendants had right to assert venue challenge, which should have been granted). Skoff argues that since the trial court found waiver of venue in its first order as to ATP, that venue should remain in Broward County as to these newly added defendants as well.
We disagree with Skoff. The record shows that neither defendant had any contacts whatsoever in Broward County, and that the suit was filed in that county only because ATP had a registered agent to accept service of process there. Our court has held that a trial court abuses its discretion if it denies a motion to change venue where the only connection to the county in which the action is filed is that a non-resident corporation had an agent for service there. See, e.g., Avis Rent A Car Sys., Inc. v. Broughton, 672 So.2d 656 (Fla. 4th DCA 1996); Braun v. Stafford, 529 So.2d 735 (Fla. 4th DCA 1988); Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 4th DCA 1981); Hertz Corp. v. Rentz, 326 So.2d 216 (Fla. 4th DCA 1976); Peterson, Howell & Heather v. O’Neill, 314 So.2d 808 (Fla. 3d DCA 1975). As this court noted in Peterson,
While we must concur that transportation facilities are generally better in metropolitan areas, we cannot recognize it as a rule of practice that it is always more convenient for parties to have their lawsuit tried in such areas. If this were so, it might follow that every lawsuit involving some out-of-state parties would be better tried in a metropolitan area. We think that it was the purpose of the venue statutes, that the lawsuit should be tried in the area where the cause of action arose whenever consonant with the residence and convenience of the parties.
314 So.2d at 810 (citations omitted). Accordingly, we reverse the order denying Martin and Firstlab’s motion to transfer venue and remand for further proceedings.
AFFIRMED in part; REVERSED in part and REMANDED.
STONE and HAZOURI, JJ., concur.