# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1504
Lower Tribunal No. 15-9438
_____


**Heather Theobald, etc., et al.,**
Appellants,

vs.

**Piper Aircraft, Inc., et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

The Wolk Law Firm, and Michael S. Miska (Philadelphia, PA); The Fleet Law Firm, P.A., and Brad Steven Fleet, for appellants.

Cunningham Swaim, LLP, and Steven D. Sanfelippo, Gary Don Swaim, and Alex Whitman (Dallas, Texas), for appellee Piper Aircraft, Inc.

Adler Murphy & McQuillen LLP, and Austin W. Bartlett (Chicago, Illinois); McIntosh Sawran & Cartaya, P.A., and Douglas M. McIntosh and Kimberly Kanoff Berman (Ft. Lauderdale), for appellee S.-Tec Corp.


Before ROTHENBERG, SALTER, and EMAS, JJ.

ROTHENBERG, J.

The appellants, who are the plaintiffs in a wrongful death lawsuit filed in Miami-Dade County, appeal the trial court's non-final order granting Piper Aircraft, Inc.'s ("Piper, Inc.") motion to transfer venue from Miami-Dade County, Florida, to Indian River County, Florida, based on forum non conveniens. Because we find no abuse of discretion with the trial court's ruling, we affirm.

The record reflects that the appellants are the surviving family members of three people who were killed when the Piper Seneca II airplane they were riding in crashed near Johnstown, New York. The flight originated in Bedford, Massachusetts, and was on its way to Rome, New York, when it crashed, killing all three individuals on board: the pilot and two passengers. The three individuals were residents of New York, and the surviving family plaintiffs reside in New York, Connecticut, and California.

Piper, Inc. is the successor entity that was created as a result of a bankruptcy action filed by the original manufacturer of the aircraft, Piper Aircraft Corporation. Piper Aircraft Corporation designed and manufactured the aircraft in Vero Beach, which is in Indian River County, Florida. The aircraft was then sold and shipped to an aviation company in Washington and the aircraft was later acquired by a Connecticut company. The subject aircraft was never serviced and had never touched down in Miami-Dade County. Piper, Inc. is a Delaware corporation, and

2

its corporate headquarters and only location is, and always has been, in Vero Beach, Florida. The plaintiffs are not seeking damages against Piper Aircraft Corporation in this lawsuit.

Besides Piper, Inc., the other defendants being sued in this action are the various One S-TEC Way defendants, which are corporations organized and existing under the laws of Texas. Although it is alleged that the One S-TEC Way defendants do business in the state of Florida, they are not "located" in Florida, and they do not have an office or registered agent in the state of Florida.

The complaint alleges that when the subject aircraft was built by Piper Aircraft Corporation in 1978, Piper Aircraft Corporation installed a stabilator which, based upon its flawed design, caused the aircraft to break up and disintegrate in-flight. The complaint alleges that Piper, Inc. was aware of this design defect based on other in-flight break-ups of other Piper Seneca aircraft resulting in the disintegration of the aircraft and the death of the aircraft's occupants. These accidents were investigated by the Piper defendants and resulted in the filing of lawsuits against the Piper defendants, which were settled.

Despite Piper, Inc.'s knowledge of this design defect, it is alleged that Piper, Inc. failed to warn the current owners of Piper Senecas of the danger; recall or retro-fit Piper Senecas in the field with newly-designed stabilators, rudders, and tails capable of safely handling normal air loads; continued to vouch for the

3

airworthiness of their aircraft to the public and the FAA; continued to manufacture aircraft using the same dangerously defective stabilator; and hid the design defect and dangers from consumers and the public.

The allegations and claims against the One S-TEC Way defendants are similar to those asserted against the Piper defendants, but involve the autopilot and the autopilot hardware equipment the Piper defendants installed in the subject aircraft, which the complaint alleges were defective in design and/or manufacture. The complaint alleges that the One S-TEC Way defendants knew of the design defects and failed to warn, rectify, report, or disclose these defects. The alleged design defects involve the autopilot, autopilot hardware, certain equipment, the servos, and the avionics. Specifically, it is alleged that the servos used on the Piper Seneca had a propensity to malfunction and to incorrectly pitch the aircraft and/or render the aircraft uncontrollable. The autopilot system also had a propensity to lose reference to the horizon and cause "trim-run-aways" and "hard-overs." The design and/or manufacture defect that caused these malfunctions was further exacerbated by the design and/or manufacture defects that did not allow the autopilot system to be overpowered by the pilot so that the pilot could correct the problem, but instead allowed for a single failure of the system to cause the complete loss of control over the aircraft.

**Legal Analysis**

Section 47.122, Florida Statutes (2015), provides: "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." Section 47.122, as well as the case law interpreting the statute, identifies three distinct factors to consider when determining whether to transfer venue: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) in the interest of justice. The trial court may transfer venue if it finds that any of these factors weigh in favor of the alternate forum.

"The decision to transfer venue based upon Section 47.122 is one which is within the sound discretion of the court, and the party contesting the [trial court's venue decision] must show an abuse of discretion in order to successfully challenge the court's determination." Burger King Corp. v. Koeppel, 564 So. 2d 209, 210 (Fla. 3d DCA 1990). "[A]bsent a demonstration of an abuse of that discretion, the lower court's determination will not be overturned on appeal." Fla. Patient's Comp. Fund v. Fla. Physicians' Ins. Reciprocal, 507 So. 2d 778, 779 (Fla. 3d DCA 1987) (quoting Hu v. Crockett, 426 So. 2d 1275, 1281 (Fla. 1st DCA 1983)).

In Levy v. Hawk's Cay, Inc., 505 So. 2d 24, 24 (Fla. 3d DCA 1987), this Court stated that where there is a reasonable basis in the record to support the trial

court's decision, we must affirm. A review of the record reflects that the trial court's transfer of the subject litigation from Miami-Dade County to Indian River County, Florida, was reasonable. The airplane was manufactured in Vero Beach, Florida, which is located in Indian River County; Piper, Inc. is, and has always been, located in Vero Beach; none of the parties, decedents, or witnesses are or were residents of Miami-Dade County; the airplane crashed in New York; and the One S-TEC Way defendants are all located in Texas. Miami-Dade County has no connection whatsoever with this lawsuit.

Piper, Inc. also submitted affidavits articulating the convenience of litigating this case in Indian River County, where the aircraft was manufactured, the witnesses reside, and relevant documents are located. The affidavit also set forth the inconvenience of litigating the lawsuit in Miami-Dade County where none of its witnesses, company, or documents are located. Thus, the record supports the trial court's order transferring the lawsuit to Indian River County based on all three of the factors identified in section 47.122: the convenience of the parties; the convenience of the witnesses; and in the interest of justice.

In fact, this Court has held in other similar cases that it was an abuse of discretion to not have transferred the case. For example, in Prudential Property & Casualty Insurance Co. v. Palma, 622 So. 2d 594 (Fla. 3d DCA 1993), this Court held that the trial court abused its discretion when it denied Prudential's motion to

6

transfer the lawsuit from Miami-Dade County to Daytona Beach, Volusia County, Florida, where the lawsuit involved a collision that occurred in Daytona Beach, the insured and her husband were residents of New York, the insured and her husband received initial medical treatment in Volusia County and follow-up medical care in New York State, and the witnesses were located in either New York State, Volusia, Seminole, or Orange Counties. Although Prudential did business in both Volusia and Miami-Dade Counties, this Court concluded that because "the record [was] devoid of any connection between Dade County and any of the factual occurrences in this case or any of the witnesses who might be called to testify in this case, we find that the trial court abused its discretion in denying the insurance company's motion for a change in venue." Id. at 595 (citing Tindall v. Smith, 601 So. 2d 627 (Fla. 2d DCA 1992)); see also Burger King, 564 So. 2d at 209; Kelly-Springfield Tire Co. v. Moore, 355 So. 2d 451, 452 (Fla. 3d DCA 1978).

The appellants contend that although the crash did not occur in Miami-Dade County, no witnesses or parties reside in Miami-Dade County, and the aircraft was not manufactured, purchased, or serviced in Miami-Dade County, that venue should not have been transferred to Vero Beach, Indian River County, where some of the witnesses reside, the aircraft was manufactured, and Piper, Inc. is located, because Miami-Dade is a metropolitan city with a large airport and various accommodations that would make it a more convenient forum for the traveling

7

witnesses and parties. This Court and others have, however, rejected this argument where the metropolitan city has no connection to the lawsuit or the underlying claim. See ATP Tour, Inc. v. Skoff, 758 So. 2d 1226, 1228 (Fla. 4th DCA 2000) (recognizing that while transportation facilities are generally better in metropolitan areas, "the lawsuit should be tried in the area where the cause of action arose whenever consonant with the residence and convenience of the parties"); Peterson, Howell & Heather v. O'Neill, 314 So. 2d 808, 810 (Fla. 3d DCA 1975) (holding that it was an abuse of discretion not to transfer the case to Polk County where the only ground in support of the decision to deny transfer was that Miami-Dade County was a large metropolitan area with more adequate facilities).

## Conclusion

Based on our standard of review and because Miami-Dade County has absolutely no connection to the subject lawsuit, we affirm the trial court's order transferring the lawsuit to Indian River County where Piper, Inc. (a party) is located, the aircraft was manufactured, several witnesses reside, and relevant documents are kept.

Affirmed.